**Robert Doyle COLBERT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–476.**

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1986.

Rehearing Denied March 6, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Judge:

Robert Doyle Colbert, appellant, was charged with, tried for, and convicted of two counts of First Degree Rape in Case No. CRF–82–57 in the District Court of Comanche County, State of Oklahoma. Upon recommendation of the jury, appellant was sentenced to a term of fifteen years' imprisonment on each count, the sentences to run consecutively. From this judgment and sentence, appellant has perfected an appeal to this Court. We affirm.

On January 31, 1982, appellant was charged with one count of Rape in the First Degree. Appellant was released on a $10,-000 bond on February 1, 1982. Appellant retained and was represented by counsel through the preliminary hearing. After the preliminary hearing on June 28, 1982, appellant was bound over for trial on the

original count of rape plus an additional count of Rape in the First Degree. On July 7, 1982, the court allowed the district attorney to file an amended information charging appellant with both counts. Appellant's case was set for the September docket. Appellant's attorneys were allowed to withdraw from the case because appellant was unable to pay them for their services. At that time, appellant stated to the court that he could acquire the funds to retain counsel and would do so. Appellant remained free on bond and the case remained on the September docket.

Appellant was not represented by counsel when he appeared in September, so the case was continued until November. In November, appellant filed a pauper's affidavit requesting a court-appointed attorney. On November 14, 1982, the district judge found that appellant had funds to retain counsel and continued the case to the January docket. On January 11, 1983, after a brief recitation of the history of appellant's case, the judge stated, "The defendant appears without counsel. The court has directed that the trial will proceed. Defendant will represent himself pro se." The judge then carefully explained trial procedure from voir dire to closing arguments.

On appeal appellant asserted the trial court improperly forced him to trial without counsel. The record before this Court was silent concerning whether or not appellant was advised of the consequences in the event he appeared for trial without counsel. Appellant had asserted to the trial court that he would have retained counsel, but notwithstanding he stood trial pro se. Insofar as there were several hearings had before the trial court at which appellant may have been advised concerning his failure to provide counsel, and insofar as the record was silent relative to that question, this Court remanded the matter for an evidentiary hearing under the provisions of *Boyd v. Dutton*, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972). *Colbert v. State*, No. F–83–476 (Okl.Cr. Sept. 27, 1985).

Appellant was represented by court-appointed counsel at the evidentiary hearing. The State called two witnesses—the Honorable Jack Brock, the district judge who presided over the trial, and Steven Brinkley, the assistant district attorney who prosecuted the case. Appellant testified in his own behalf. The court made the following findings of fact:

1. The Honorable Jack Brock's finding that the appellant could afford an attorney and did not qualify for appointed counsel was reasonable and not an abuse of discretion. Appellant's financial situation did not change between the date of his indigency hearing before Judge Brock on November 15, 1982, and the date of appellant's jury trial, January 11, 1983.

2. Prior to January 11, 1983, and on the morning of trial, the appellant was made aware of the problems of self-representation.

3. The trial court gave appellant reasonable opportunity to obtain counsel by continuing his case off of two trial dockets, and the appellant failed to show any diligence in attempting to retain counsel prior to his jury trial.

4. On the morning of trial, January 11, 1983, the appellant announced that he had not retained counsel, that he wanted to represent himself, and that he was ready for trial.

5. On the morning of trial, January 11, 1983, the appellant made no request for a continuance and made no request for court-appointed counsel.

The court then entered the following conclusions of law:

1. The Court finds that the trial Court's ruling that petitioner was not indigent and therefore did not qualify for a court-appointed attorney was reasonable and not an abuse of discretion.

2. The Court finds that Petitioner's failure to obtain counsel when he was financially able to do so and petitioner's failure to show any diligence in trying to obtain counsel up to the date of his trial

constitute a waiver of his right to an attorney.

3. The Court finds that Petitioner was adequately made aware of the problems of self-representation and that through his actions prior to trial and his statements the morning of trial, petitioner knowingly, intelligently and voluntarily waived his right to counsel.

█ A person charged with a felony in a state court has an unconditional and absolute right to a lawyer. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Rankin v. State,* 409 P.2d 641 (Okl.Cr.1966). This right may be waived if done knowingly and voluntarily. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Yet waiver will not be "lightly presumed," and the trial judge must "indulge every reasonable presumption against waiver." *Johnson,* 304 U.S. at 464, 58 S.Ct. at 1023.

█ A defendant's failure to hire an attorney may constitute a knowing and intelligent waiver of his right to counsel if it was done to delay the trial of his case. *United States v. Weninger,* 624 F.2d 163 (10th Cir.1980); *United States v. Fowler,* 605 F.2d 181 (5th Cir.1979); *United States v. Gates,* 557 F.2d 1086 (5th Cir.1977); *United States v. Vallejo,* 496 F.2d 960 (1st Cir.1974). The holdings in these cases are basically the same and are stated succinctly in *Fowler.* In *Fowler* the Court held, "The right to assistance of counsel, cherished and fundamental though it may be, may not be put to service as a means of delaying or trifling with the court." 605 F.2d at 183.

It is clear from the record in the instant case that appellant's failure to hire an attorney was done to delay the date of his trial. He was charged on January 31, 1982, and his trial was not held until January 11, 1983. This delay was inexcusable and done solely for dilatory purposes. Under the circumstances it was not error to proceed to trial even though appellant was without counsel.

Appellant's second assignment of error alleges that charging him with two counts of rape was a violation of the double jeopardy clauses of the state and federal constitutions. The victim testified that after the appellant raped her, she asked that he return her to her car, from which he had forcibly removed her after a series of ramming her car with his and forcing her off the road. The appellant laughed and said he could not let her go, that she would tell the police. She cried for about ten minutes, and then the appellant offered her a deal: he would let her go if she would have sex with him again. She said nothing, just began to cry. Again he raped her.

Appellant argues the two acts of intercourse comprised a single offense that is incapable of separation into two counts. In support of this contention he cites *Wade v. State,* 556 P.2d 275 (Okl.Cr.1976); *Turnbow v. State,* 451 P.2d 387 (Okl.Cr.1969); *Shapard v. State,* 437 P.2d 565 (Okl.Cr. 1967); and *McManus v. State,* 50 Okl.Cr. 354, 297 P. 830 (1931). The State argues that rape is not a continuous offense, that the two separate and distinct acts of sexual intercourse constituted two separate offenses. The State relies on *Cody v. State,* 361 P.2d 307 (Okl.Cr.1961); *Landon v. State,* 83 Okl.Cr. 141, 174 P.2d 266 (1946); and *Kilpatrick v. State,* 71 Okl.Cr. 129, 109 P.2d 516 (1941).

In each case cited the defendant was charged with a single count of rape but more than one act of sexual intercourse was proven. The issue was whether it was reversible error not to elect which act of sexual intercourse was being relied upon for conviction. The earliest of these cases best describes why some cases held two or more acts to be one continuing offense while other cases held each act to be a separate and distinct offense:

> If any particular interval of time intervenes between the separate acts, or if they occur under such circumstances that there might be a basis for a jury to believe that one or more of the acts were committed and a reasonable doubt might exist as to the others, there must be an election. But where all the evidence tending to prove the crime is that it was

a continuous act and application of force, and there is no basis in the evidence for a belief or a reasonable doubt that a part of the transaction occurred and a part did not occur, nor that one or more of the accused may be guilty and the others not, then there is but one crime, one continuous act, and there need be no election.

*McManus*, 297 P. at 832.

The issue in the present case is not one of election. The joinder statutes now make possible charging a defendant with multiple counts when more than one offense has been committed. The test used for deciding the number of offenses committed is not the test quoted above but the same evidence test. *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980).

Applying that test to the facts of the present case, we find no error in charging the appellant with and convicting him of two counts of rape. Every element of rape was proven as to each count. After the appellant had raped his victim once, he formed the intent to commit a second assault on her. To hold that a man could rape a woman a second time with impunity would be to provide him an invitation to engage in further criminal conduct solely at the expense of his victim. Such a decision by the judiciary would be unthinkable. *Cf. Floyd v. State*, 540 P.2d 1195 (Okl.Cr. 1975) (availability of time credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct).

Lastly the appellant alleges his right to a fair trial was fundamentally prejudiced by improper prosecutorial comments made during closing arguments. We have examined the comments complained of and find that all were permissible comments on the evidence and reasonable deductions therefrom. There was no error.

The judgment and sentence is AF-FIRMED.

PARKS, P.J., concurs.

BUSSEY, J. concurs in results.