James Owen **WALTERS**, Sr., Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. M–84–313.

Court of Criminal Appeals of Oklahoma.

July 7, 1986.

Rehearing Denied Aug. 13, 1986.

Carl W. Longmire, Pryor, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

James Owen Walters, Sr., appellant, was tried by a jury for the crime of Aggravated Assault and Battery on a Police Officer in the District Court of Mayes County in Case No. CRF–81–234. The jury returned a verdict of guilty for the lesser included offense of Assault and Battery upon a Police Officer and the judge set appellant's punishment at six (6) months imprisonment in the county jail and a five hundred dollar ($500) fine in accordance with the jury's recommendation, and he appeals.

Early on the morning of November 18, 1981, in the town park of Salina, Oklahoma, Officer Terry Taylor was on duty, in full uniform, and in a marked patrol car. After Officer Taylor arrested appellant's son for Driving While Under the Influence of Intoxicating Liquor, he observed appellant drive past him in his car and then stop a few yards from his patrol car. At that point, Officer Taylor got out of the patrol car and walked to appellant's car to inquire into his purpose in stopping. Appellant told Officer Taylor that his son was the man in the patrol car, and then Officer Taylor advised appellant to leave the park and to pick his son up at the police station in six hours. However, when Officer Taylor walked back to the patrol car and sat in the driver's seat, the appellant approached the patrol car. After Officer Taylor again advised appellant to leave the park appellant began to use vulgar language and struck Officer Taylor in the mouth with his fist. When Officer Taylor fell down to the passenger's side of the front seat, appellant's son grabbed him around the neck and appellant jumped on top of him. Thereafter, Officer Taylor felt sharp blows to his head, face, and shoulders and he was eventually pulled out of his patrol car as the beating continued. Officer Taylor pleaded with appellant and his son to cease the attack; however, when the attack did not cease, he managed to stand and pull his revolver out of the holster and ordered

appellant "not to come any closer or he would pull the trigger." The appellant responded by saying "Go ahead" and he kept coming toward the officer. When his gun would not fire, Officer Taylor managed to get into the patrol car and radioed for a back-up unit. Officer Taylor then observed appellant's son approaching the patrol car in his automobile, and he rammed the front of the patrol car. Appellant fled the scene, but was arrested later when he was found hiding under a bed at a nearby residence.

█ In his first assignment of error, the appellant contends that Terry Taylor was not acting as a police officer under the laws of the State of Oklahoma in that he was never employed by the Town of Salina, Oklahoma, never made bond as required by law, and never took the oath of office as required by the Constitution of the State of Oklahoma. Appellant further argues that since Terry Taylor had been previously convicted of Driving Under the Influence of Intoxicating Liquor that he was disqualified to serve as a police officer. We disagree.

The facts in the instant case clearly show that Terry Taylor was well-known in the community of Salina, Oklahoma as a police officer, and that on November 18, 1981, he was driving a marked patrol car and was dressed in a full police uniform. Furthermore, Mr. Taylor was hired by the Police Department of Salina, Oklahoma on October 26, 1981, by Howard Sanders, the Chief of Police, and according to 51 O.S.1981, § 36.1 he was not required to take the oath of office until he was employed for "a continuous period of thirty (30) days or more." On the night of the assault and battery, November 18, 1981, Mr. Taylor had not been employed by the City of Salina for thirty (30) days and was not required to take the oath of office. Additionally, there was undisputed testimony that the City of Salina accepts the responsibility for bonding its officers.

Therefore, we are of the opinion that the State met its burden at trial and proved that Mr. Taylor was lawfully employed as a police officer on November 18, 1981, and obviously when appellant and his son attacked Mr. Taylor, they had a reasonable belief that he was a police officer and that he was lawfully acting in that capacity. This assignment of error is without merit.

The appellant next argues that the trial court erred in refusing to allow him to question a witness by asking the same questions that had been raised by the co-defendant's attorney.

█ The extent of cross-examination rests in the sound discretion of the trial court and it is only in cases of clear abuse of such discretion, resulting in a manifest prejudice to the accused, that this Court will reverse a case. *Hickerson v. State*, 565 P.2d 684 (Okl.Cr.1977). Finding no abuse of discretion, this assignment of error is without merit.

█ As his final assignment of error, appellant maintains that the trial court erred in that it failed to instruct the jury on the lesser included offense of Assault and Battery and that the trial court erred in giving Instruction Numbers 11, 14A and 15.[1] We disagree.

1. The instructions read in pertinent part as follows:

INSTRUCTION NUMBER 11
'Police Officer' or 'Law Officer' means any duly appointed person who is charged with the responsibility of maintaining public order, safety, and health by the enforcement of all laws, ordinances, or orders of the State of Oklahoma or any of its political subdivisions, and who is authorized to bear arms in execution of his responsibilities.

INSTRUCTION NO. 14A
Aggravated Assault and Battery upon a Police Officer is a felony. The punishment for this crime is by a fine not to exceed one thousand dollars, or by imprisonment in the State Penitentiary not to exceed two years, or by both such fine and imprisonment.

The punishment for Assault and Battery upon a police officer is by imprisonment in the county jail not exceeding six (6) months, or by a fine not exceeding $500.00, or by both such fine and imprisonment.

INSTRUCTION NO. 15
... There would seem to be no doubt that Terry Taylor was in the uniform of a police officer on the night in question. This being the case the defendants cannot now question

This Court has held on numerous occasions that an instruction on a lesser included offense need only be given when there is evidence that tends to prove the lesser included offense was committed. *Hankins v. State*, 602 P.2d 1052 (Okl.Cr.1979). There was ample evidence at trial to the effect that Mr. Taylor was acting as a police officer for the City of Salina on November 18, 1981, and the record is devoid of any evidence that tends to establish that Mr. Taylor was not acting as a police officer on the night in question. Therefore, since there was no evidence tending to prove the lesser included offense of Assault and Battery, the trial court properly instructed the jury. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.