**Robert Howard HEPP, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–500.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1988.

Rehearing Denied Feb. 23, 1988.

**554**

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Robert Howard Hepp, Jr., was convicted in the District Court of Tulsa County, Case No. CRF–84–4290, of one count of Assault With a Dangerous Weapon After Former Conviction of Two or More Felonies, two counts of First Degree Rape After Former Conviction of Two or More Felonies, and three counts of Forcible Sodomy After Former Conviction of Two or More Felonies. On the assault conviction he received a sentence of 100 years' imprisonment; on the two rape convictions he received a sentence of 120 years' imprisonment on each count; and on the three forcible sodomy convictions he received a sentence of 150 years' imprisonment on each count. He appeals raising four assignments of error.

On October 14, 1984, at about 9:25 a.m., L.L. was in the laundry room of her apartment complex in Tulsa when the appellant entered, put his arm around her neck, showed her a knife and ordered that she do as she was told or he would kill her. He removed her clothes and repeatedly raped and sodomized her. He then tied her up, using her clothing, and left. The victim picked the appellant out of a lineup within two weeks of the attack. A tape recording of the appellant's confession in which he admitted the attack on the victim was played to the jury.

■ In his first assignment of error the appellant complains that the trial court improperly denied his motion to suppress the confession obtained the day that he was arrested. The trial court at the proper time in the trial conducted a hearing outside the presence of the jury to determine if the appellant's confession was voluntary. Although evidence was contradictory between the testimony of the officer who conducted the interrogation and that of the appellant, an examination of the record supports the finding that competent evidence was presented that the confession was given voluntarily by the appellant and with full knowledge of his constitutional rights. Because there is sufficient evidence to support the trial court's admission of the statement, this assignment of error has no merit. *See Seth v. State*, 647 P.2d 452 (Okl.Cr.1982).

■ The appellant next maintains that the trial court erred in overruling his motion to compel the State to elect between counts. The appellant argues that he was charged with two counts of rape and two counts of anal sodomy[1] but that because they occurred within minutes of one another he should have been charged with one rape and one anal sodomy. This same issue was addressed in *Colbert v. State*, 714 P.2d 209 (Okl.Cr.1986) in which this Court held that a defendant could be convicted of two separate offenses of rape where every element of rape was proven as to each count, even though the violations occurred within minutes of one another. Therefore this assignment of error is likewise without merit.

---

1. The appellant was also charged with one count of oral sodomy.

The appellant's third assignment of error argues that he was denied his right to confront and cross-examine a witness when the trial court excluded questions concerning an alleged investigation by the Tulsa Police Department of the interrogating officer. A hearing on a motion in limine revealed that confessions from both the appellant and another individual were obtained in a case involving another victim. The victim in that case identified the appellant as her assailant, and the other person confessing to the crime was released. Defense counsel wished to cross-examine the interrogating officer concerning the investigation against him and the confession extracted by him made to a crime by an apparently innocent party. The trial court ruled that because this involved a separate crime that the testimony would be irrelevant and inadmissible. We have held that the extent of cross-examination rests in the sound discretion of the trial court and we will not interfere with the court's discretion without a showing of clear abuse resulting in manifest prejudice to the accused. *Walters v. State*, 721 P.2d 1333 (Okl.Cr.1986). The appellant has not made such a showing. Moreover, the victim positively identified the appellant as her assailant, so that the evidence was overwhelming against the appellant. Finding no error, this proposition has no merit.

In his last assignment of error the appellant alleges that improper prosecutorial remarks caused the jury to assess excessive punishment. After examining the remarks, we cannot find that they either determined the verdict, or caused the appellant to receive an excessive sentence. *See Mahorney v. State*, 664 P.2d 1042 (Okl. Cr.1983). Considering the overwhelming evidence of the appellant's guilt, the fact that he had six prior felony offenses, all of which were sexual offenses, we cannot say that the sentences he received were excessive. *See Scott v. State*, 674 P.2d 54 (Okl. Cr.1984).

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

I agree that appellant's conviction should be affirmed on one count of rape and two counts of sodomy. However, I believe *stare decisis* dictates that the second rape and sodomy charges should not have been prosecuted. Our holding in *Crawford v. State*, 688 P.2d 347 (Okl.Cr.1984) supports appellant's position. There, we stated:

[T]his court has held where two acts of rape have occurred within a short period of time, it is part of a continuous process and constitutes only one crime. *Wade v. State*, 556 P.2d 275 (Okl.Cr.1976); *Turnbow v. State*, 451 P.2d 387 (Okl.Cr.1969).

*Id.* at 348–49.

Our decision in *Colbert v. State*, 714 P.2d 209, 211–12 (Okl.Cr.1986), cited in the majority opinion, does not hold to the contrary. In *Colbert*, the appellant raped his victim once. There was then a short conversation during which the victim cried for ten minutes after appellant said he would not free her. The appellant then offered her a deal wherein he would release her if she had sex with him again. She said nothing and resumed crying. Appellant then raped her again. Judge Brett wrote:

[W]e find no error in charging the appellant with and convicting him of two counts of rape. Every element of each rape was proven as to each count. After the appellant had raped his victim once, **he formed the intent to commit a second assault on her.**

*Id.* at 212 (emphasis supplied). Such is not the case before us. Appellant raped the victim, then anally sodomized her. Without pausing, he repeated the acts, then forced her to orally sodomize him. The entire series occurred within minutes. The evidence simply did not show any significant gap between the acts so as to find that appellant formed the intent needed to prove a second rape and sodomy. *Cf. Weatherly v. State*, 733 P.2d 1331, 1337–38 (Okl.Cr.1987). There is little question that

one count of each offense could stand, as there is a different element involved in each. I would therefore reverse and remand with instructions to dismiss on one count of rape and one count of sodomy.