2007 OK CR 6

**Charles Milton SMITH, Sr., and Bonnie Smith, Appellants**

v.

**STATE of Oklahoma, Appellee.**

**Nos. F–2005–785, F–2005–786.**

Court of Criminal Appeals of Oklahoma.

March 2, 2007.

Milton Smith, Sr., Bonnie Smith, pro se, attorney for defendants at trial.

Paule' Thrift Haggerty, Assistant District Attorney, Madill, OK, attorney for the state at trial.

Katrina Conrad–Legler, Indigent Defense System, Norman, OK, attorney for appellants on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Theodore M. Peeper, Assistant Attorney General, Oklahoma City, OK, attorneys for the state on appeal.

## SUMMARY OPINION

C. JOHNSON, Vice–Presiding Judge.

¶ 1 Charles Milton Smith, Sr., was charged in the District Court of Marshall County with the crimes of Manufacture of a Controlled Dangerous Substance (Methamphetamine) (Count I), Child Endangerment (Count II) and Possession of a Controlled Dangerous Substance (Count III) in Case No. CF–2005–16. He was also charged with the crimes of Driving a Motor Vehicle While Under the Influence of Drugs (Count I), Failure to Carry Current Owner's Security Verification (Count II), Operating a Vehicle While Driver's License is Suspended (Count III), Failure to Wear a Seatbelt (Count IV) and Operating a Vehicle Without Having Paid Taxes (Count V) in Case No. CM–2005–49. The jury found Mr. Smith guilty of all counts charged in Case No. CF–2005–16 and all but Count V. in Case No. CM–2005–49. In Case No. CF–2005–16, the jury recommended ten years imprisonment and a $50,000.00 fine on Count I, four years imprisonment on Count II and five years imprisonment on Count III. In Case No. CM–2005–49, the jury recommended one year in jail and a fine of $1,000.00 on Count I, a $100.00 fine on each of Counts II and III, and a $20.00 fine on Count IV. The Honorable John H. Scaggs sentenced Mr. Smith in accordance with the jury's recommendation and ordered the sentences imposed in Case No. CF–2005–16 to be served consecutively.

¶ 2 Bonnie Smith, was charged in the District Court of Marshall County, Case No. CF–2005–15, with Manufacture of a Controlled Dangerous Substance (Methamphetamine) and Child Endangerment (Count II). The jury found Ms. Smith guilty of both counts and assessed punishment at ten years imprisonment and a $50,000 fine on Count I and four year imprisonment on Count II. The Honorable John H. Scaggs sentenced Ms. Smith in accordance with the jury's recommendation and ordered the sentences to be served consecutively.

¶ 3 Appellants Charles Milton Smith, Sr. and Bonnie Smith were tried in the same proceeding and have raised identical issues on appeal. Therefore their appeals have been consolidated in this single opinion.

¶ 4 Appellants raise the following propositions of error:

1. The trial court erroneously ruled that because bond had been posted, Mr. And Ms. Smith were no longer indigent, thereby improperly denying them the right to appointed counsel at their jury trial.

2. The trial court failed to conduct a *Faretta v. California* hearing to determine whether Mr. and Ms. Smith invoked their right to represent themselves at their jury trial.

3. The evidence used in Counts I and II in Mr. Smith's case CF–2005–16 and both counts in Ms. Smith's case CF–2005–15 should be suppressed because the officers lacked probable cause to search their residence.

4. Prosecutorial misconduct deprived Mr. and Ms. Smith of a fair trial and caused the jury to render an excessive sentence.

5. Mr. and Ms. Smith's sentences are excessive.

6. The cumulative effect of all the errors addressed above deprived Mr. and Ms. Smith of a fair trial.

¶ 5 After thorough consideration of the propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we reverse and remand for a new trial based upon error raised in Proposition I.[1] In this proposition Appellants alleged that they were indigent and unable to hire an attorney and as such, the district court forced them to proceed *pro se* at their trial in violation of their Constitutional right to be represented by counsel.

¶ 6 The record reflects that Appellants were both initially found to be indigent and entitled to court appointed counsel. However, prior to trial, Mr. Smith's mother posted bond for both Appellants. Upon the posting of bond, appointed counsel filed a motion to withdraw. This motion was granted at an abbreviated hearing wherein the record indicates no consideration concerning Appellants' indigent status other than the posting of bond. It is true that the status of a defendant's indigency is subject to change and therefore, continuously subject to review. *See* Rule 1.14(A)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007). However, while the posting of bond is a very significant factor to be considered in determining a defendant's indigent status, it is not entirely dispositive of the issue. *Matthews v. Price*, 83 F.3d 328, 334 (10th Cir.1996). *See also McCraw v. State*, 1970 OK CR 155, ¶ 8, 476 P.2d 370, 373. Rather, the posting of bond by a defendant

or by another on behalf of a defendant creates *only* a rebuttable presumption that the defendant is not indigent. 22 O.S.Supp.2006, § 1355A(D). In order to insure that a defendant is not improperly denied counsel to which he or she is constitutionally entitled, the district court must make a record inquiring about the defendant's financial status and reflecting that the defendant understands that the presumption of non-indigency created by the posting of bond is rebuttable and that he or she may still be entitled to court appointed counsel upon sufficient proof of indigent status.

¶ 7 The present case does not reflect that the district court ever inquired on the record about the Smiths' ability to hire an attorney or ever advised them that the presumption of non-indigency was rebuttable. Rather, it indicates that they were simply told that because they had posted bond they were required to hire their own attorney. It is clear that the appointment of counsel for an indigent defendant is a fundamental right essential to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As the record before this Court cannot support a finding that the Smiths were not denied their constitutional right to counsel, their judgments and sentences in the cases at bar must be reversed and remanded for a new trial.

### DECISION

¶ 8 The Judgment and Sentence of the district court is **REVERSED AND REMANDED FOR A NEW TRIAL.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, A. JOHNSON and LEWIS, JJ.: concur.

LUMPKIN, P.J.: concurs in results.

---

1. Because we are granting relief based upon error raised in Appellants' first proposition, we

need not address the errors raised in the remaining propositions.