2008 OK CR 8

**Vanessa Ann HOGG, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. M–2006–32.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 2008.

Traci Rhone, Assistant Public Defender, Oklahoma City, OK, Attorney for Defendant at trial.

Peter Haddock, Assistant District Attorney, Oklahoma City, OK, Attorney for the State at trial.

Thomas Neil Lynn, III, Richard Goralewicz, Michael Miller, Gary Taylor, Legal Aid Services of Oklahoma, Oklahoma City, OK, Attorneys for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, Attorneys for the State on appeal.

**OPINION**

C. JOHNSON, Vice–Presiding Judge.

¶ 1 Appellant, Vanessa Ann Hogg, was found guilty by the Honorable Tammy Bass–Jones, District Judge, of Direct Contempt of Court (21 O.S.2001, §§ 565–566) during a

proceeding in Oklahoma County District Court Case No. CF–2004–4140.[1] On December 20, 2005, Appellant was sentenced to ten days in the county jail, with credit for time served. Appellant timely lodged this appeal.

¶ 2 Appellant's conviction for Direct Contempt of Court grew out of her failure to obtain counsel in the underlying criminal prosecution. Although the district court had previously appointed counsel to represent Appellant, that appointment was rescinded after formal arraignment. Appellant subsequently requested reinstatement of court-appointed counsel, claiming she was financially unable to afford counsel of her choosing. The record is somewhat sketchy as to what occurred between April 2005 (when appointed counsel was relieved) and December 2005 (when the contempt finding was made). However, it appears that in July 2005, the court warned Appellant that if she willfully refused to retain counsel in future proceedings, she would be held in contempt.

¶ 3 At a hearing on December 14, 2005, Appellant reiterated her position that she was unable to hire counsel or represent herself and that she had a right to court-appointed counsel. The district court found Appellant to be in direct contempt of court and remanded her to custody pending formal sentencing. There is no transcript before us of that hearing, but at a hearing held December 20, 2005, which was transcribed, the court characterized Appellant's behavior on December 14 as attempting to "order" the court to provide counsel to her, and sentenced Appellant as noted above.

¶ 4 "The power of a judge to impose significant punishment for direct contempt immediately and without the full panoply of due process rests upon the absolute necessity of maintaining a structured order in our courts." *Autry v. State*, 2007 OK CR 41, ¶ 10, 172 P.3d 212, 214. In appeals from such proceedings, we defer to the district court's factual findings, but review *de novo* the legal basis for its decision.[2]

¶ 5 Oklahoma law recognizes two types of contemptuous conduct toward the tribunal. "Direct contempt" is defined as (1) disorderly or insolent behavior committed during a session of the court and in its immediate view and presence; (2) the unlawful and willful refusal of any person to be sworn as a witness; (3) the refusal to answer any proper question; or (4) any breach of the peace, noise, or disturbance which interrupts judicial proceedings. 21 O.S.2001, § 565. "Indirect contempt" is defined as willful disobedience of, or resistance to, any process or order lawfully made by the court. *Id.* Except as otherwise provided by law, the punishment for both types of contempt is the same: not more than six months in jail, and/or a fine of not more than $500. 21 O.S.Supp.2002, § 566.

¶ 6 The right to a jury trial attaches only in cases involving indirect contempt of court. Direct contempt is punishable by the court itself, based on its own factual findings. 21 O.S.2001, § 565.1(A), 567; *Autry*, 2007 OK CR 41, ¶ 13, 172 P.3d at 215. When the court charges a person with direct contempt, punishment may only be imposed if

1. it is clear from the identity of the offender and the character of his acts that disruptive conduct is *willfully contemptuous; or*

2. the conduct warranting the sanction is *preceded by a clear warning* that the conduct is impermissible *and that specified sanctions may be imposed for its repetition.*

21 O.S.2001, § 565.1(A), (B) (emphasis added); *accord* Rule 20, *Rules for District Courts,* 12 O.S.2001, Ch. 2, App.

¶ 7 Appellant challenges the trial court's judgment on various grounds. We consolidate those arguments, and conclude that the trial court's finding of direct contempt, arising from what transpired at the December 14 hearing, cannot be sustained on this record.

---

1. Appellant was charged therein with Obtaining Money Under False Pretenses (21 O.S.2001, § 1561 *et seq.*). The merits of that charge are not before the Court in this appeal.

2. As we recently noted, "[a] statement filed by a judge as to matters occurring before him is usually regarded as importing absolute verity." *Autry,* 2007 OK CR 41, ¶ 14, 172 P.3d at 215.

¶ 8 Section 565.1 only allows punishment for direct contempt if Appellant's conduct was either (1) willfully contemptuous, or (2) preceded by a clear warning that continued conduct of that type would result in "specified sanctions." The record before us supports neither condition. There is no record suggesting the trial court ever warned Appellant, at the December 14 hearing, that her continued insistence on appointed counsel would result in a specified sanction for contempt.[3] Nor is the record sufficient to characterize Appellant's conduct at that hearing as "willfully contemptuous." The "disorderly or insolent behavior" which constitutes direct contempt has been further described as conduct which is "unruly, tumultuous, insulting or disrespectful." *Watson v. State ex rel. Michael,* 1989 OK 116, ¶ 5, 777 P.2d 945, 947. The fact that an individual is persistent in presenting her case is not necessarily a sign of disrespect toward the court, and does not amount to contempt unless it prevents the court from performing its duties. *See In re McConnell,* 370 U.S. 230, 236, 82 S.Ct. 1288, 1292, 8 L.Ed.2d 434 (1962).

¶ 9 Courts must always be on guard against "confusing offenses to their sensibilities with obstruction to the administration of justice." *Gilbert v. State,* 1982 OK CR 100, ¶ 34, 648 P.2d 1226, 1233 (citation omitted). The record before us does not support the trial court's conclusion that Appellant committed direct contempt of court.[4] Accordingly, the trial court's judgment and sentence for direct contempt of court is **VACATED** and **DISMISSED.**

## DECISION

¶ 10 The Judgment and Sentence for Direct Contempt of Court in Oklahoma County District Court Case No. CF–2004–4140 is **VACATED AND DISMISSED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2008), the **MANDATE** is **ORDERED ISSUED** upon the delivery and filing of this decision.

CHAPEL, J., A. JOHNSON, J. and LEWIS, J.: concur.

LUMPKIN, P.J.: concurs in result.

LUMPKIN, Presiding Judge: concur in result.

¶ 1 I concur in the Court's decision in this case. However, I cannot join in the dicta contained in Footnote 3. Under the proper fact situation a direct order to perform specific actions, given in open court and later disobeyed in open court, could be grounds for a finding said actions constitute direct contempt. The fails to acknowledge that both the order and the disobeying of that order occurred in open court. While the disobedience in open court could constitute direct contempt, I agree this record does not support that finding.

---

**3.** We observe that Appellant's failure to retain counsel before appearing at the December 14 hearing could not itself serve as a predicate for direct contempt proceedings. This is because such action (or omission) would have occurred outside the immediate presence of the court. *See* 21 O.S.2001, § 565 (defining indirect contempt as the willful disobedience of, or resistance to, of any process or order lawfully made by the court); *Gilbert v. State,* 1982 OK CR 100, ¶¶ 28–31, 648 P.2d 1226, 1232–33 (attorney's drafting and filing of pleading found offensive to the trial court did not constitute direct contempt, as the offending conduct was not committed in the court's presence).

**4.** Appellant's further claim, that the trial court's threat of a contempt charge was an improper attempt to coerce her into hiring counsel, is moot. In a separate action, this Court directed the trial court to hold a proper hearing on Appellant's eligibility for appointed counsel in the underlying criminal case. The trial court ultimately ruled that Appellant was entitled to appointed counsel. *Hogg v. Bass–Jones,* Case No. HC–2005–1242 (Okl.Cr. Dec. 22, 2005) (unpublished). *See also Smith v. State,* 2007 OK CR 6, 155 P.3d 793 (setting forth procedure for trial courts to follow in determining eligibility for appointed counsel).