OSCN Found Document:BURNHAM v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BURNHAM v. STATE
2023 OK CR 6
Case Number: F-2021-899
Decided: 05/04/2023
MICHAEL K. BURNHAM, Appellant v. STATE OF OKLAHOMA, Appellee

Cite as: 2023 OK CR 6, __ __

 

 

O P I N I O N

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Michael K. Burnham, was tried by a jury and convicted of Lewd or Indecent Acts to a Child Under Sixteen, in violation of 21 O.S.Supp.2017, § 1123(A)(2), in the District Court of Garfield County, Case No. CF-2018-596. The jury sentenced Burnham to fifteen years imprisonment. The Honorable Paul K. Woodward, District Judge, presided at trial and pronounced judgment and sentence in accordance with the jury's verdict. Burnham must serve 85% of his sentence before he is parole eligible. 21 O.S.Supp.2015, § 13.1. Judge Woodward also imposed various costs and fees.

¶2 Burnham now appeals and alleges a single proposition of error complaining that he was indigent and unable to hire an attorney and as such, the trial court forced him to proceed pro se at his trial in violation of his right to counsel. U.S. Const. Amend. VI; Okla. Const. Art. 2, § 20. Burnham's claim raises an issue of whether a defendant's physical ability to work, per se, can be dispositive of the issue of indigence. This case also raises important questions about the district court's need to make a complete record when addressing a defendant's indigent status in relation to the appointment of counsel. For reasons discussed below, we find Burnham's claim has merit. Burnham's judgment and sentence must therefore be reversed and remanded for new trial.

BACKGROUND

¶3 Burnham was charged by Information on December 21, 2018. Attorney John Hodgden filed an entry of appearance in Burham's case on December 31, 2018. Burnham was taken into custody on January 3, 2019 and was released the next day on bond. Attorney Ron Jones subsequently filed an entry of appearance on May 28, 2019. Both Hodgden and Jones represented Burnham at his preliminary hearing on October 30, 2019.

¶4 On February 18, 2020, attorney Hodgden filed a Motion to Withdraw. Counsel stated therein that "[Burnham] is unable to meet his financial obligations to counsel and [ ] has indicated that he intends to proceed with court-appointed counsel." The motion further averred that Burnham consented to the requested withdrawal. A sworn verification signed by Burnham and attached to Hodgden's motion confirmed Burnham's consent to the withdrawal of Hodgden and Jones and his intent to proceed with court-appointed counsel.

¶5 That same day, Burnham filed an Application for Indigent Representation. The application reflected that Burnham had no money or assets, no income, no family nor friends able to assist him in hiring counsel, and that the funds for his bond had been provided by his mother. Included with Burnham's application was an attestation by Burnham's mother, Cora M. Burnham. Therein, Ms. Burnham stated that she "was able to post [Burnham's] bond and finance the process up to the trial" but she was "no longer able to [ ] afford the ongoing process of a trial." Ms. Burnham explained that she had depleted her finances, including her checking and savings accounts.

¶6 A docket entry reflects that defense counsel's motion to withdraw was denied on March 10, 2020. On March 27, 2020, Hodgden and Jones jointly filed an Amended Motion to Withdraw. As grounds for withdrawal, counsel stated, inter alia, that Burnham intended to proceed to trial "contrary to the advice of counsel." As in the first withdrawal motion, counsel also contended Burnham was "unable to meet his financial obligations to counsel" and noted that Burnham had made a request for court-appointed counsel.

¶7 The trial court granted counsels' motion to withdraw at a hearing held on June 16, 2020.[1] Burnham acquiesced at the hearing to the release of Hodgden and Jones from his case. Asked if he was going to get another attorney, Burnham advised Judge Woodward that he had applied for a court-appointed attorney. The court cautioned that he could not "guarantee" Burnham would qualify for indigent representation. Burnham acknowledged that he understood. Judge Woodward further inquired whether Burnham knew "what position that puts [him] in[.]" Burnham again stated that he understood. At the conclusion of the hearing, Judge Woodward advised Burnham that he would review his application and "let [him] know at [his] next court appearance[.]" The court then inquired if Burnham had a job. Burnham responded, "No, sir." A written order allowing Hodgden and Jones to withdraw as attorneys of record was entered by the trial court the following day.

¶8 A docket entry reflects that Burnham next appeared before the court on July 15, 2020 for a motion docket. The docket entry tells us that Judge Woodward denied Burnham's application for a court-appointed attorney at this time. A standardized order dated July 15, 2020, attached to Burnham's February 18, 2020 application, confirms the court's ruling. The order bears a check mark on a line next to "Not Indigent. The Application for OIDS Representation is denied." A handwritten notation follows stating, "Does not want to work." Beyond this notation, no record of the July 15, 2020 proceeding was made.

¶9 After the July 15, 2020 order denying Burnham's application for court-appointed counsel, there is a significant gap in the record until the pretrial conference conducted on July 13, 2021.[2] At this hearing, the following colloquy took place:

COURT: We're here this afternoon in State of Oklahoma versus Michael Burnham. Case number CF-2018-596. The state's represented by Assistant District Attorney Tallena Hart. Mr. Burnham is present in person representing himself --

DEFENDANT: I object. I object.

COURT: I'm going to give you the chance to do that. Okay? Let me get this all set up and then I will let you make your objections. Okay, sir?

Is that fair enough, sir?

DEFENDANT: (No response.)

COURT: Sir, is that fair enough?

DEFENDANT: (No response.)

COURT: I need you to answer me, sir.

DEFENDANT: What happens if I don't? No, that's not fair enough.

COURT: All right.

Mr. Burnham, you and I -- you had filed an application for court-appointed attorney and I turned that down because you told me the reason you were not working is because you didn't want to work.

DEFENDANT: That's not true, sir.

COURT: No, that is true, sir. That's what you told me as the reason that you didn't -- that you were not working --

DEFENDANT: Because I have a mother that needs care.

COURT: -- and I determined that you could work and because you could work, I determined that you are not indigent. So your choice is to proceed to trial without an attorney. I don't think that's a good idea --

DEFENDANT: I think that's against the Constitution's Bill of Rights and the 6th Amendment. Yes, sir, I believe [sic] with you. I agree with you.

COURT: It's not a good idea because an attorney will be very helpful to you in jury selection, and opening statements, questioning witnesses, objecting to questions, closing arguments, jury instructions, any motions that need to be filed, mitigating any damages if you were to be found guilty.

The DA's, they're attorneys. They have all been through trial before. They're going to have a major advantage over you when they get to a trial.

DEFENDANT: It may be nothing but a circus, huh?

COURT: It's going to be -- it's going to be not good for you --

DEFENDANT: And you'll be the ringmaster.

COURT: Sir, I don't appreciate you talking to me like that.

The range of punishment, in this case, is up to 20 years, three to 20 years. So you're looking at a lot of time to do; do you understand that, sir?

DEFENDANT: I understand. I haven't signed over my rights.

COURT: Well, you haven't signed over any of your rights, but we've gone down this and I have denied your request for court-appointed attorney --

DEFENDANT: I know that.

COURT: -- because I believe you can work and get an attorney hired. A court-appointed attorney is for those who don't have the money and can't go out and work and get the money, and I don't believe you fit that qualification. So we're set for trial on August the 16th. Are you ready to proceed with that?

DEFENDANT: No, sir, I'm not.

COURT: Well, you understand we're going to have to get this taken care of?

DEFENDANT: I suggest you appoint me an attorney then.

COURT: We've gone over --

DEFENDANT: We will not proceed without legal representation, sir.

COURT: Jury trial is scheduled August 16th. How much time do you think it will take, Ms. Hart?

¶10 Thereafter, the State provided Burnham with several documents, including copies of the police reports, the forensic interview, the State's witness and exhibit list, and State's requested jury instructions. Burnham advised the trial court that he did not plan to have any witnesses or exhibits. At the conclusion of the hearing, Burnham returned all the documents provided to him to the State.

¶11 At the onset of trial on August 18, 2021, when the trial court inquired if Burnham was ready to proceed, Burnham replied, "No, sir." Asked if "[i]t's the same thing as we've talked about earlier[,]" Burnham nodded his head. Later, during a break amidst voir dire, the following colloquy occurred:

COURT: Mr. Burnham, I just wanted to back up. When we got started, you said you weren't ready and I just want to make sure that the reason you're not ready is because you think I should be appointing you an attorney and I haven't done that, is that --

DEFENDANT: Constitution thinks that, not you.

COURT: Okay.

DEFENDANT: Why are you doing this without the jury here?

COURT: Because we don't --

DEFENDANT: Because you're a sneaky, crooked judge. That's all right.

COURT: Sir --

DEFENDANT: My God is bigger than you.

COURT: Sir --

DEFENDANT: No. I'm being honest with you and you should be honest with me.

COURT: Mr. Burnham.

DEFENDANT: What?

COURT: No more conversation like that. You can --

DEFENDANT: Well, then quit asking me a stupid question you know the answer to.

COURT: I just want the record to be clear that the reason you're not ready is because you think I should have appointed you an attorney.

* * *

DEFENDANT: Let's make that record clear to these juries [sic].

COURT: That's not for them to decide, sir.

DEFENDANT: I'll make sure and let them know.

COURT: Sir, you need to make sure you take care of yourself or I won't let you sit through this trial if you try to disrupt it; do you understand that?

DEFENDANT: (No response.)

COURT: Do you understand?

DEFENDANT: (Shakes head.)

COURT: Mr. Burnham, do you understand?

DEFENDANT: Yeah, I understand you.

Thereafter, Burnham did not participate in his trial in any meaningful way, other than by being present. Burnham did not engage in voir dire, make an opening statement, question any of the witnesses, present any witnesses, nor make a closing argument.

¶12 Burnham was formally sentenced on August 20, 2021. As he did at trial, Burnham appeared pro se at the hearing. Asked if he was ready to proceed, Burnham responded, "No." Asked if the reason he was not ready to proceed was "because of the issue of your attorney," Burnham replied, "Yes, sir." The court determined that "other than the attorney issue," Burnham was ready to proceed and commenced the sentencing hearing. At the conclusion of the hearing, while the trial court was advising Burnham of his right to appeal, the following colloquy occurred:

COURT: I was looking back at the record; you had filed for court-appointed attorney back in July of 2020. Would there be anything in your financial condition that would -- that has changed other than the fact that you're incarcerated now?

DEFENDANT: No.

COURT: So at this point, I find that it is impossible for you to work; whereas, back in July it was my determination that you were able to work and you -- because that's what you had told me is you were able, you just did not want to work. Thus, now I will appoint you an attorney if you want one to help you with your appeal. Is it -- do you want an attorney to help you with your appeal?

DEFENDANT: I got ten days to decide on it?

COURT: Yes, sir, you do.

DEFENDANT: All right.

COURT: But I just want you to understand ten days go by fast, but if you want an attorney, you just need to let the staff at the jail know and I will appoint you a court-appointed attorney if you want one to help you with the appeal; do you understand that?

Thereafter, Burnham stopped responding to the trial court. Judge Woodward interpreted Burnham's silence to mean he did not want indigent counsel appointed.

¶13 A few days later, Burnham filed an Application for Indigent Representation. Judge Woodward summarily granted Burnham's application on August 25, 2021.

ANALYSIS

¶14 "[T]he appointment of counsel for an indigent defendant is a fundamental right essential to a fair trial." Smith v. State, 2007 OK CR 6, ¶ 7, 155 P.3d 793, 795 (citing Gideon v. Wainwright, 372 U.S. 335 (1963)). The qualifications for determining indigence and entitlement to court-appointed counsel are set out in this Court's rules and include, inter alia, the ability of the defendant to make bond, earning capacity, and the willingness and ability of family members to assist with attorney fees and litigation costs. Rule 1.14(A)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023). The posting of a monetary bond, however, "shall not be the sole factor in the determination of eligibility." 22 O.S.Supp.2018, § 1355A(D).[3] "[T]o insure that a defendant is not improperly denied counsel to which he or she is constitutionally entitled, the district court must make a record inquiring about the defendant's financial status[.]" Smith, 2007 OK CR 6, ¶ 6, 155 P.3d at 795 (emphasis added). Moreover, because a defendant's indigency status is subject to change, the determination of indigency must be continually reviewed by the district court. Rule 1.14(A)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023). See also Smith, 2007 OK CR 6, ¶ 6, 155 P.3d at 795.

¶15 The record on appeal reveals the trial court failed to make a record of its inquiry into Burnham's financial ability to hire legal counsel. Further, contrary to the State's assertion on appeal, the July 13, 2020 pretrial conference held the month before Burnham's trial falls short of satisfying this mandatory requirement. The hearing merely reveals the trial court's belief that Burnham "could work and because [he] could work," he was not indigent. A defendant's physical ability to work does not, in of itself, make them financially capable of paying for their defense. While it is a significant factor to be considered in determining a defendant's indigent status, it is not dispositive of the issue and must be considered in conjunction with other relative factors such as the defendant's earning capacity. See Rule 1.14(A)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023). Here, Burnham strongly contested the trial court's determination that he refused to work. Further, the record of the pretrial conference lacks the underpinnings of Judge Woodward's determination, i.e., a record of the court's inquiry into Burnham's finances, earning capacity, etc. This Court thus has no basis to affirm the trial court's denial of Burnham's request for court-appointed counsel. To safeguard Burnham's fundamental right to counsel, we have no alternative but to find Burnham was improperly denied his constitutional right to counsel. See Smith, 2007 OK CR 6, ¶ 7, 155 P.3d at 795.

¶16 Moreover, even if the record supported the trial court's finding that Burnham was not indigent, the record does not show Burnham voluntarily waived his right to counsel. We note this finding to stress how critical the making of a record is when a defendant's right to counsel is at issue. See Norton v. State, 2002 OK CR 10, ¶ 15, 43 P.3d 404, 409 ("[T]he right to counsel is fundamental to ensuring the protection of practically every other constitutional right of the accused."); Id., 2002 OK CR 10, ¶ 7, 43 P.3d at 407 (waiver of the right to counsel will not be "lightly presumed"); Braun v. State, 1995 OK CR 42, ¶ 10, 909 P.2d 783, 787 ("A record of the knowing and voluntary waiver is mandatory, and absent a sufficient record, waiver will not be found.").

¶17 Burnham repeatedly told the trial court that he wanted legal representation and therefore did not expressly waive his right to counsel. See Lamar v. State, 2018 OK CR 8, ¶ 29, 419 P.3d 283, 292 (setting forth requirements for an express waiver of counsel). Nor can it be presumed on this record that Burnham impliedly waived his right to counsel by his conduct.[4] For there to be a valid waiver by conduct, the record must reflect that the defendant was informed of the risks of self-representation, expressly warned about the consequences of his or her inaction (or actions), understood these warnings, and nonetheless persisted in that conduct. Norton, 2002 OK CR 10, ¶ 15, 43 P.3d at 409.[5] Without a clear record of such knowledge and understanding, a defendant's continued dilatory misconduct alone is insufficient to support a finding of implied waiver.

¶18 In the present case, the record does not show that Burnham was engaged in dilatory conduct,[6] or that he was adequately warned his conduct, if continued, would result in a waiver of his right to counsel.[7] An implied waiver of counsel thus cannot be presumed in this case.

¶19 For these reasons, we are compelled by the record to find Burnham was improperly denied his constitutional right to counsel. Burnham's judgment and sentence must be REVERSED AND REMANDED FOR NEW TRIAL.

¶20 Burnham's indigency for purposes of appeal was previously determined by the district court. If the district court elects to review Burnham's status on remand, the proceeding should be conducted in a manner consistent with this opinion. See Rule 1.14(A)(1) & (2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023) (qualifications for a defendant to have court appointed counsel) ("status of indigency being ever subject to change, the determination of indigency shall be continually subject to review"). See also Smith, 2007 OK CR 6, ¶ 6, 155 P.3d at 795 ("district court must make a record inquiring about the defendant's financial status").

DECISION

¶21 The Judgment and Sentence of the district court is REVERSED AND REMANDED FOR A NEW TRIAL. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF GARFIELD COUNTY
THE HONORABLE PAUL K. WOODWARD, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 MICHAEL K. BURNHAM
 PRO SE
 KREMLIN, OK 73753
 
 
 APPEARANCES ON APPEAL

 RICKI J. WALTERSCHEID
 OKLA. INDIGENT
 DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070-0926
 COUNSEL FOR APPELLANT
 
 
 
 
 TALLENA C. HART
 ASST. DISTRICT ATTORNEY
 GARFIELD COUNTY COURTOUSE
 114 W. BROADWAY
 ENID, OK 73701
 COUNSEL FOR THE STATE
 
 
 JOHN M. O'CONNOR
 OKLA. ATTORNEY GENERAL
 THEODORE M. PEEPER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR 
LUMPKIN, J.: SPECIALLY CONCUR
LEWIS, J.: CONCUR
MUSSEMAN, J.: CONCUR

FOOTNOTES

[1] In an Order dated August 1, 2022, this Court authorized supplementation of the record on appeal in this case with a transcript of the June 16, 2020 motion to withdraw hearing and a transcript of the July 13, 2021 pretrial conference.

[2] Docket entries during this period show that Burnham appeared before the court monthly, except April 2021. It can be garnered from the record that Burnham's trial was originally set for February 22, 2021, with the pretrial conference scheduled for February 9, 2021. Burnham's pretrial conference and trial were later rescheduled for July 13, 2021 and August 16, 2021, respectively. The record is silent as to when or why the initial dates were rescheduled to a later date.

[3] Prior to being amended in 2018, Section 1355A(D) created a rebuttable presumption of non-indigency by the posting of bond. Smith, 2007 OK CR 6, ¶ 6, 155 P.3d at 795.

[4] See Mathis v. State, 2012 OK CR 1, ¶ 7 n.13, 271 P.3d 67, 72 n.13 (we review the totality of the circumstances of each case, including the background, experience and conduct of the accused, to determine whether there has been a valid waiver of the right to counsel); Braun, 1995 OK CR 42, ¶ 12, 909 P.2d at 788 (same); Colbert v. State, 1986 OK CR 15, ¶¶ 4-9, 714 P.2d 209, 210-11 (a defendant's failure to hire an attorney "done solely for dilatory purposes" to delay the proceedings or trifle with the court may constitute an implied waiver); Stevenson v. State, 1985 OK CR 74, ¶¶ 11-12, 702 P.2d 371, 375 (recognizing that a defendant's dilatory behavior in retaining counsel in certain circumstances may constitute a waiver of his right to counsel).

[5] See also United States v. Allen, 895 F.2d 1577, 1579 (10th Cir. 1990) ("A court is under no less obligation to ensure that waiver is knowing and intelligent when voluntariness is deduced from conduct than when it is asserted expressly."); United States v. Goldberg, 67 F.3d 1092, 1101 (3rd Cir. 1995) ("'waiver by conduct' requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding pro se"); United States v. Welty, 674 F.2d 185, 189 (3d Cir. 1982) ("[E]ven well-founded suspicions of intentional delay and manipulative tactics can provide no substitute for the inquiries necessary to protect a defendant's constitutional rights."); State v. Nisbet, 2016 ME 36, ¶ 27, 134 A.3d 840, 851 (implied waiver is triggered when a defendant has been expressly warned conduct will result in a waiver of his right to counsel, but then persists in that conduct).

[6] Burnham's trial was postponed once. There is nothing in the record indicating this delay was due to Burnham's failure to retain counsel. Further, given the sparse record, Burnham's behavior at the pretrial conference and at trial can reasonably be interpreted as frustration--versus misconduct--caused by the court's denial of his request for court-appointed counsel.

[7] The record on appeal does not reflect that Burnham received any warnings prior to the trial court's implicit warning given at the July 13, 2021 pretrial conference a month before Burnham's trial commenced.

 

 

LUMPKIN, JUDGE: Specially Concur

¶1 I concur in the Court's analysis and decision to reverse and remand this case for a new trial. However, due to the lack of a record which requires this action, I would require the district court to hold a new indigency hearing upon Appellant's return to Garfield County. A new hearing would ensure the record is complete and the current financial status of Appellant is determined. This would also ensure that if Appellant qualifies, he is appointed counsel to represent him in these new proceedings.

¶2 This entire matter would have been prevented if the trial judge had denied the motion to withdraw by retained counsel. While representing a person charged with a crime, a retained attorney should be bound to represent the defendant through trial and any financial arrangements at the beginning of the representation should anticipate that requirement.

 

 

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1995 OK CR 42, 909 P.2d 783, 
BRAUN v. STATE
Discussed at Length

 
2002 OK CR 10, 43 P.3d 404, 
NORTON v. STATE
Discussed at Length

 
2007 OK CR 6, 155 P.3d 793, 
SMITH v. STATE
Discussed at Length

 
2012 OK CR 1, 271 P.3d 67, 
MATHIS v. STATE
Discussed

 
2018 OK CR 8, 419 P.3d 283, 
LAMAR v. STATE
Discussed

 
1985 OK CR 74, 702 P.2d 371, 
STEVENSON v. STATE
Discussed

 
1986 OK CR 15, 714 P.2d 209, 
COLBERT v. STATE
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1355A, 
Indigent Request for Representation
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA