Aaron George WATSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M 96–1121.

Court of Criminal Appeals of Oklahoma.

July 29, 1997.

Rehearing Denied Aug. 19, 1997.

---

### ACCELERATED DOCKET ORDER

Aaron George Watson was convicted of three counts of Assault and Battery (Counts I through III), Driving Under the Influence (Count IV), and Transporting a Loaded Firearm in a Landborne Vehicle (Count V) in Oklahoma County District Court, Case No. CM 94–2892, after jury trial before the Honorable (late) Wendell Smith, Special Judge. Appellant was sentenced to ninety (90) days in the county jail and ordered to pay a five hundred dollar ($500.00) fine on each of Counts I through III. He was sentenced to one hundred eighty (180) days in the county jail and ordered to pay a one thousand dollar ($1,000.00) fine on Count IV, and he was sentenced to six (6) months in the county jail and ordered to pay a five hundred dollar ($500.00) fine on Count V. From the Judgment and Sentences imposed, Appellant appealed.

Pursuant to 22 O.S.Supp.1996, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2(A)(1), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on June 26, 1997, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

Appellant raised ten propositions of error in the appeal:

1. Where the record necessary for review is lost or destroyed without fault of the accused, and without possibility of substitution, a new trial must be summarily granted;

2. The trial court erred in failing to give an instruction on self-defense;

3. The trial court erred in refusing to allow evidence of the victim's reputation and past acts in support of a self-defense allegation;

4. The trial court erred in improperly allowing expert testimony without a proper foundation having first been laid;

5. The trial court denied the defendant his sixth amendment right to confront witnesses with impeachment by prior inconsistent statements;

6. The trial court erred in allowing evidence of other crimes and bad acts;

7. The trial court erred in failing to instruct on evidence of other crimes and to limit its application in applying the facts to the law and erred in failing to give a limiting instruction at the time of the admission of evidence;

8. The trial court erred in declaring Denise Watson a hostile witness;

9. The trial court erred in instructing that a verdict did not have to be unanimous;

10. The trial court erred in failing to give OUJI Criminal 821 in its entirety.

After thorough and careful review of the entire record, we find that Propositions 1 and 2 have merit. Further, although Proposition 9 lacks merit, it warrants discussion to clarify the issue.

 In Proposition 9, Appellant argued the trial court erred when it instructed the jury its verdicts on Counts I through III and Count V did not need to be unanimous.[1] Appellant relied upon *Williams v. City of Tulsa,* 740 P.2d 737, 738 (Okl.Cr.1987), where we held the Supreme Court's decision in

---

1. Instruction Number 41 read, in part, as follows:

 ... In this case, a unanimous verdict is required as to Count 4, Driving Under the Influence of Intoxicating Liquor. As to the three counts of Assault and Battery, the one count of Transporting a Loaded Firearm in a Landborne Vehicle and the lesser offense of Driving While Impaired, your verdicts need not be unanimous, but can be based upon an agreed verdict of five of you. If your verdict is unanimous, it need be signed by your foreman alone. If your verdict is not unanimous, it must be signed by each juror who concurs in the verdict. After you have reached your verdicts you will, as a body, return them in open court. Forms of verdict will be furnished. You will now listen to the argument of counsel, which is a proper part of this trial.

*Burch v. Louisiana,* 441 U.S. 130, 134, 139, 99 S.Ct. 1623, 1625, 60 L.Ed.2d 96 (1979),[2] "invalidated" that portion of art. 2, § 19 of the Oklahoma Constitution which authorized non-unanimous six-person jury verdicts in "cases less than felonies."

However, in 1990, the people of this State amended § 19 to its current form, which reads:

> § 19. Trial by jury
>
> The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil cases, involving more than Ten Thousand Dollars ($10,000.00), and felony criminal cases shall consist of twelve (12) persons. All other juries shall consist of six (6) persons. However, in all cases the parties may agree on a lesser number of jurors than provided herein.
>
> In all criminal cases where imprisonment for more than six (6) months is authorized the entire number of jurors must concur to render a verdict. In all other cases three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. When a verdict is rendered by less than the whole number of jurors, the verdict shall be signed by each juror concurring therein.

Okl. Const., art. 2, § 19. While *Williams* suggested that the prior version of § 19 was unconstitutional because it deprived an individual of his right to jury trial, § 19, in its current form, does not violate a defendant's Sixth Amendment right to jury trial.

In *Blanton v. City of North Las Vegas,* 489 U.S. 538, 543, 109 S.Ct. 1289, 1293, 103 L.Ed.2d 550 (1989), the Supreme Court held that an offense carrying a maximum penalty of six (6) months or less was a presumptively petty offense for purposes of determining whether the Sixth Amendment right to a jury trial attached to the particular offense. In determining whether a particular offense should be categorized as "petty," the Court should examine the "objective indications of the seriousness with which society regards the offense." *Blanton,* 489 U.S. at 541, 109 S.Ct. at 1292. The best indicator of society's views is the maximum penalty set by the legislature, and the primary emphasis must be placed on the maximum authorized period of incarceration. *Id.* at 542, 109 S.Ct. at 1292.

In *U.S. v. Nachtigal,* 507 U.S. 1, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993), the Supreme Court, relying on *Blanton,* held that driving under the influence (DUI) in a national park was a "petty offense" to which the constitutional right to jury trial did not apply. Conviction of the DUI offense in *Nachtigal* carried a maximum term of imprisonment of six (6) months. The Supreme Court was not convinced that additional penalties, including loss of license, required attendance of an alcohol abuse education course, a one thousand dollar ($1,000.00) fine, or wearing clothing identifying the defendant as a DUI offender, rendered the maximum punishment so severe that conviction of the offense was "serious" as opposed to "petty."

In this case, the jury was instructed that its verdicts need not be unanimous with regard to Counts I–III, and Count V, in accordance with art. 2, § 19 of the Oklahoma Constitution. In Counts I–III, Appellant was charged with Assault and Battery, which carries a maximum term of imprisonment of ninety (90) days in the county jail, a maximum fine of five hundred dollars ($500.00), or both. 21 O.S.1991, § 644. In Count V, Appellant was charged with Transporting a Loaded Firearm in a Landborne Vehicle, which carries a maximum term of imprisonment in the county jail of not more than six (6) months, a fine of not more than five hundred dollars ($500.00) or both. 21 O.S. 1991, §§ 1289.13 and 1289.15. The record

---

**2.** In *Burch,* the Supreme Court held that a conviction for a non-petty offense by a nonunanimous six-person jury violated an accused's right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments.

indicates the only verdict which was not unanimous was the jury's verdict on Count I.

Applying the criteria set forth in *Blanton* and *Nachtigal*, we find that the maximum authorized periods of incarceration for Assault and Battery and for Transporting a Loaded Firearm in a Landborne Vehicle reflect a legislative determination that the offenses in question are presumptively "petty" for purposes of application of the Sixth Amendment right to jury trial. Therefore, art. 2, § 19 of the Oklahoma Constitution, which allows non-unanimous jury verdicts for crimes which carry less than six (6) months imprisonment, does not unconstitutionally deprive a criminal defendant of his Sixth Amendment right to jury trial. Accordingly, the jury was properly instructed that it could render a less than unanimous verdict in Counts I–III, and Count V and we find that Proposition 9 is without merit.

We further find that Proposition 2 requires reversal of Count II, due to the trial court's failure to give a requested instruction on self-defense, when the evidence showed some evidence to support such a defense. *Powell v. State*, 906 P.2d 765, 778 (Okl.Cr. 1995). Further, due to the loss of evidence at the hands of the State, as alleged in Proposition 1, dismissal of Count II on remand is required.

Having considered the propositions of error and argument presented to this Court, this Court, by a vote of 3 to 0, has decided to **AFFIRM** the convictions and sentences in Counts I, III, IV and V. By a vote of 3 to 0, we have decided to **REVERSE** and **REMAND WITH INSTRUCTIONS TO DISMISS** Count II.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE, Judge