OSCN Found Document:IN RE: AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS - CIVIL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE: AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS - CIVIL
2016 OK 90
Decided: 09/12/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 90, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ORDER ADOPTING AMENDMENTS AND NEW
OKLAHOMA UNIFORM CIVIL JURY INSTRUCTIONS
¶1 The Court has reviewed the recommendations of the Oklahoma Supreme Court Committee for Uniform Civil Jury Instructions to adopt recommended amendments to existing instructions and proposed new instructions. The Court finds that the amendments and new instructions should be adopted.
¶2 It is therefore ordered, adjudged and decreed that the attached instructions shall be available for access via internet from the Court website at www.oscn.net. The Administrative Office of the Courts is directed to notify the Judges of the District Courts of the State of Oklahoma regarding our approval of the instructions set forth herein. Further, the District Courts of the State of Oklahoma are charged with the responsibility of implementing these instructions within thirty (30) days of this order. Notwithstanding, the district courts may implement these instructions immediately for any currently pending actions in which the judge determines the instructions are applicable.
¶3 It is therefore ordered that the proposed amendments to OUJI-CIV Nos. 1.0, 1.4, 3.11, 3.25, 4.1--4.3, 10.13, 11.10, 25.1--25.7, as set out and attached to this Order, are hereby approved. Additionally, it is ordered that the newly created instructions set out in OUJI-CIV Nos. 25.11, 25.12, 31.1--31.4, and 32.1--32.4, as set out and attached to this Order, are hereby adopted.
¶4 The Court declines to relinquish its constitutional and statutory authority to review the legal correctness of the above-referenced instructions or when it is called upon to afford corrective relief in any adjudicative context.
¶5 The amended OUJI-CIV instructions shall be effective thirty (30) days following entry of this Order.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 12th DAY OF September, 2016.
/S/VICE CHIEF JUSTICE
¶6 ALL JUSTICES CONCUR

Instruction No. 1.0
Use of Electronic Devices and Research Prohibited
At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.
Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.
During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury. This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.
It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined or put in jail.
Notes on Use
This Instruction should be given as soon as the case is called in the presence of the jury. The trial judge may also distribute hard copies of this Instruction to the jurors.
Instruction No. 1.4
Jury's Duties - Cautionary Instruction --- To Be Given After Jury Is Sworn
Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.
It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.
It is your duty to determine the facts of this case from the evidence produced in open court. You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork.
The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, by video, or by deposition, including the parties.
In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which you find to have been established by the testimony and evidence in the case.
The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. and you should not speculate on what the testimony or exhibit might have been. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.
The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.
You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.
My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys, parties, or witnesses involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the [(clerk of the court)/bailiff], who will report to me.
Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.
Do not read newspaper reports or obtain information from the internet or any other source about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.
During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury. This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.
The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.
From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.
Notes on Use
Before excusing the jurors for recesses and adjournments, the judge should remind them not to discuss the case. The following Instruction is suggested:
At this time, let me remind you not to discuss this case, or anything about this case, with anyone [(during the recess)/(while court is adjourned)], and do not allow anyone to discuss it with you. If anyone talks to you or tries to talk to you about this case, you are instructed to report it immediately either to me or to the [(clerk of the court)/bailiff].
Instruction No. 3.11
Inference from Failure to Produce Evidence or Witness
NO INSTRUCTION SHOULD BE GIVEN
Notes on Use
In general, no instruction should be given for an inference from failure to produce evidence. However, in appropriate circumstances, an adverse inference instruction may be given as a sanction for spoliation of evidence. See Barnett v. Simmons, 2008 OK 100, ¶ 19, 197 P.3d 12, 19 ("This Court has also held that severe sanctions may be imposed for reasonably foreseeable destruction of evidence, even when there is no discovery order in place"); Harrill v. Penn, 1927 OK 492, ¶ 8, 273 P. 235, 237, 134 Okla. 259 ("The willful destruction, suppression, alteration or fabrication of documentary evidence properly gives rise to the presumption that the documents, if produced, would be injurious to the one who has thus hindered the investigation of the facts.").
Instruction No. 3.25
Direct and Indirect [Circumstantial] Evidence --- Defined --- Use
NO INSTRUCTION SHOULD BE GIVEN
"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption. 
"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts. 
The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.
Comments
This Instruction is based on OUJI-CR 9-2 to 9-4 of the Oklahoma Uniform Jury Instructions for Criminal Cases (2nd ed.).
Instruction No. 4.1
PERSONAL INJURIES --- ADULTS
If you decide for [Plaintiff], you must then fix the amount of [his/her] damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injury injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].
In fixing the amount you will award [him/her] you may consider the following elements:


A. [His/Her] physical pain and suffering, past and future;
B [His/Her] mental pain and suffering, past and future;
C. [His/Her] age;
D. [His/Her] physical condition immediately before and after the accident;
E. The nature and extent of [his/her] injuries;
F. Whether the injuries are permanent;
G. The physical impairment;
H. The disfigurement;
I. Loss of [earnings/time];
J. Impairment of earning capacity;
K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.


Notes on Use
Any of the elements items of damage included above which are not supported by the evidence should be omitted. Include any element item allowed by law which is supported by the evidence and which is not listed above. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."
Comments
23 O.S. 1991 2011 § 61; Shebester, Inc. v. Ford, 1961 OK 67, ¶¶ 11-14, 361 P.2d 200, 202-03 (Okla. 1961); Marathon Battery Co. v. Kilpatrick, 1965 OK 212 ¶¶ 65-66, 418 P.2d 900, 916 (Okla. 1965); St. John's Hosp. & School of Nursing Inc. v. Chapman, 1967 OK 126, ¶¶ 50-53, 434 P.2d 160, 175-76 (Okla. 1967); King v. City of Guymon, 1974 OK CIV APP 64, ¶¶ 29-30, 523 P.2d 1154, 1159-60 (Okla. Ct. App. 1974). See also Complete Auto Transit, Inc. v. Reese, 1967 OK 73, ¶ 17, 425 P.2d 465, 469 (Okla. 1967) (damages for impairment of earning capacity).
Instruction No. 4.2
PERSONAL INJURIES --- MINOR CHILD
If you decide for [Plaintiff], you must then fix the amount of [his/her] damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injury injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].
In fixing the amount you will award [him/her] you may consider the following elements:


A. [His/Her] physical pain and suffering, past and future;
B. [His/Her] mental pain and suffering, past and future;
C. [His/Her] age;
D. [His/Her] physical condition immediately before and after the accident;
E. The nature and extent of [his/her] injuries;
F. Whether the injuries are permanent;
G. The physical impairment;
H. The disfigurement;
I. Impairment of earning capacity after reaching the age of eighteen years;
J. The reasonable expenses of the necessary medical care, treatment, and services, past and future required after reaching the age of eighteen years.


Notes on Use
Any of the elements items of damage included above which are not supported by the evidence should be omitted. Include any element item allowed by law which is supported by the evidence and which is not listed above. If the parents have joined with the minor plaintiff to recover their damages, Instruction 4.3 should also be given with this instruction. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."
Comments
Atchison, T. & S.F.R.R. v. Coulson, 1962 OK 8, ¶¶ 34-35, 371 P.2d 914, 919 (Okla. 1962) (loss of earning capacity); Hembree v. Southard, 1959 OK 91, ¶¶ 29-34, 339 P.2d 771, 777-78 (Okla. 1959). Cf. Lone Star Gas Co. v. Parsons, 1932 OK 497, ¶ 26, 159 Okla. 52, 59, 14 P.2d 369, 376, 159 Okla. 52, 59 (1932) (no evidence of impairment of earning capacity). See generally 23 O.S. 1991 2011 § 61; 15 O.S. 1991 2011 § 27.
Instruction No. 4.3
PERSONAL INJURIES --- MINOR CHILD--- MEASURE OF PARENT'S OR GUARDIAN'S DAMAGES
If you decide for [name of plaintiff's parent or guardian], you must then fix the amount of [his/her] damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injury injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].
In fixing the amount you will award [name of plaintiff's parent or guardian], you may consider the following elements:
A. The reasonable expenses of the necessary medical care, treatment and services [he/she] has incurred in behalf of [name of minor child] or will incur in the future from now until [name of minor child] reaches the age of eighteen years;
B. Any loss of past earnings of [name of minor child];
C. Any future loss of earnings or impairment of earning capacity of [name of minor child] from now until [he/she] reaches the age of eighteen years; 
D. Any loss of past household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian];
E. Any loss of household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian] between now and the time [he/she] reaches the age of eighteen years. 
Notes on Use
Any of the elements items of damage included above which are not supported by the evidence should be omitted. Include any element item allowed by law which is supported by the evidence and which is not listed above. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."
Comments
See Boyett v. Airline Lumber Co., 1954 OK 321, ¶¶ 15-17, 277 P.2d 676, 679-80 (Okla. 1954). With respect to the items, elements and measures of damages for the death of an unmarried, minor child, see 12 O.S. 1991 2011 § 1055. 
Instruction No. 10.13
Duty of Passenger
A passenger has the duty to use ordinary care for [his/her] own safety. When, considering all circumstances, the exercise of such ordinary care requires that the passenger either caution the driver against the manner of the vehicle's operation or warn the driver of a dangerous condition, [he/she] has a duty to do so.
Comments
The Oklahoma Supreme Court ruled that a jury instruction on a passenger's duty of care was appropriate under the particular facts in Matchen v. McGahey, 1969 OK 48, ¶ 26, 455 P.2d 52, 58 (Okla. 1969). This instruction should not be given, however, unless there is evidence presented that would warrant making a passenger responsible for warning the driver or taking other action to prevent injury. See Snyder v. Dominguez, 2008 OK 53, 202 P.3d 135.
Instruction No. 11.10
Duty to Invitee Mantain to Maintain Premises -- Generally
It is the duty of the [owner/occupant] to use ordinary care to keep [his/her/its] premises in a reasonably safe condition for the use of [his/her/its] invitees. It is the duty of the [owner/occupant] either to remove or warn the invitee of any hidden danger on the premises that the [owner/occupant] either actually knows about, or that [he/she/it] should know about in the exercise of reasonable care, or that was created by [him/her/it] [or any of [his/her/its] employees who were acting within the scope of their employment]. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go. 
Notes on Use
This instruction should generally be used with Instruction Nos. 11.11 and 11.12, dealing with the definition of a hidden danger and the defense that a danger is open and obvious, and with Instruction Nos. 9.1, 9.2, and 9.6, dealing with negligence and causation.
The trial court is encouraged to modify this generally worded instruction to fit the facts of the particular case. For example, if the case arose out of a slip and fall on a banana peel in a grocery store, the instruction might read:


A grocery store has a duty to keep its floor reasonably safe for its customers. A grocery store has a duty to either remove or warn its customers of any dangerous objects on the floor, such as banana peels, that store employees actually knew about, or should have known about in the exercise of reasonable care, that were put on the floor by a store employee. This duty covers all parts of the store where customers may reasonably be expected to go.


Some cases may involve additional issues, such as whether the invitee went outside the area of his invitation or remained on the premises beyond the time of his invitation, and the general instruction will need to be modified for these cases. In addition, the general instruction may need to be modified for a case where a hidden danger resulted from an intervening action by another person that the defendant should have reasonably anticipated. An example is Lingerfelt v. Winn-Dixie Texas, Inc., 1982 OK 44, 645 P2d 485, where the Oklahoma Supreme Court held that a grocery store could be found liable to a customer on account of a hidden danger created by other customers that the grocery store should have reasonably anticipated. The Supreme Court reversed a defense verdict and ordered a new trial on account of the denial of a requested jury instruction on a dangerous condition created by the means the grocery store used to display its products. See also Cobb v. Skaggs Companies, Inc., 1982 OK CIV APP 46, ¶ 12, 661 P2d 73, 76 ("Merchandising methods that involve unassisted customer selection create problems with dropped or spilled merchandise. The courts have come to recognize that self-service marketing methods necessarily create the dangerous condition.").
Comments
The following statement of a property owner's duty to invitees is from Williams v. Safeway Stores, Inc., 515 P.2d 223, 225 (Okla. 1973):


A storekeeper owes customers the duty to exercise ordinary care to keep aisles and other parts of the premises ordinarily used by customers in transacting business in a reasonably safe condition, and to warn customers of dangerous conditions upon the premises which are known, or which should reasonably be known to the storekeeper, but not to customers. [Citations omitted.]. Knowledge of the dangerous condition will be imputed to the storekeeper if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it, or if the condition was created by him, or by his employees acting within the scope of the employment. [Citations omitted.].


CHAPTER TWENTY FIVE
CONDEMNATION AND SURFACE DAMAGES ACT
List of Contents
Instruction No. 25.1 Condemnation - Introduction
Instruction No. 25.2 Condemnation - Just Compensation --- Full Taking
Instruction No. 25.3 Condemnation - Just Compensation -- Partial Taking
Instruction No. 25.4 Condemnation - Just Compensation - Easement 
Instruction No. 25.5 Condemnation - Fair Market Value - Definition
Instruction No. 25.6 Condemnation - Evidence of Comparable Sales 
Instruction No. 25.7 Condemnation - Verdict - Single Sum Only 
Instruction No. 25.11 Surface Damages - Introduction
Instruction No. 25.12 Surface Damages - Factors to Consider for Damages
Instruction No. 25.1
Condemnation --- Introduction
The term "eminent domain" describes a special legal proceeding in which a [(government agency)/railroad/(public utility)] acquires private property for a public purpose. It is also called a condemnation proceeding.
The Oklahoma Constitution allows private property to be taken for a public use if just compensation is paid to the owners of the property that is being condemned.
In this case, [Condemnor] is authorized by law to take [describe the property being condemned] for [state the purpose for the taking]. In your deliberations, you should not consider whether or not the taking was necessary, wise, or proper. That has already been decided, and it is not an issue in this case.
As jurors, it will be your duty to determine the amount of just compensation to be paid by [Condemnor] to [Owner]. 
Notes on Use
This Instruction provides a Statement of the Case and introduces the other Instructions for condemnation cases in this Chapter.
Comments
Okla. Const. Art. 2, § 24 provides in pertinent part: "Private property shall not be taken or damaged for public use without just compensation." 
Instruction No. 25.2
Condemnation --- Just Compensation --- Full Taking
The term "just compensation" means the payment to [Owner] for the taking of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is the fair market value of the property on __________, the date of the taking. The property includes the land and any buildings or other things that are attached to the land.
Notes on Use
This Instruction should be used only when all of a particular property is condemned so that there are no problems involving the effect of the taking on the valuation of any remaining property. It should be given along with Instruction No. 25.5, "Fair Market Value-Definition," and other appropriate Instructions.
Comments
The 1990 amendment to Okla. Const. Art. 2, § 24 provides in pertinent part: "Just compensation shall mean the value of the property taken . . . ." Oklahoma cases decided prior to this amendment used fair market value as the standard for just compensation. E.g., Grand Hydro v. Grand River Dam Auth., 1943 OK 158, ¶ 8, 139 P.2d 798, 800, 192 Okla. 693, 694, 139 P.2d 798, 800 (1943) ("The measure of compensation in [a condemnation proceeding] is the fair market or cash value of the land condemned.").
Instruction No. 25.3
Condemnation - Just Compensation --- Partial Taking
This is a case in which [Condemnor] is taking only a part of [Owner's] property, and it is sometimes referred to as a "partial taking" case. In a partial taking case, the term "just compensation" means the payment to [Owner] for the taking of a part of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is the fair market value of the part of the property that was taken plus any injury to the property left remaining after the taking. The property that was taken is [describe the property that was taken], and the property left remaining after the taking is [describe the remaining property]. The property includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads.


Injury to the remaining property is the damage, if any, caused by:
1. The separation of the part taken from the remaining property;


2. The loss [or impairment] of a right of access to the [street/road/highway] that previously abutted [Owner's] property; [and]
3. The construction [and/or] use of the [describe the project] on the property being taken.
In determining the injury to the remaining property, you may subtract any increase in its value that will result from any features of the project that will benefit the remaining property. However, the increase in value to the remaining property can never exceed the damage to it. In other words, you may offset an increase in the value of the remaining property against any injury to the remaining property, but you may not offset an increase in the value of the remaining property against the value of the property that was taken.
Notes on Use
This Instruction should be used in cases involving a partial taking. It should be given along with Instruction No. 25.5, entitled "Fair Market Value- Definition," and other appropriate Instructions. The trial judge should include items 1, 2, and/or 3 in the second paragraph, depending on the type of injury to the remaining property that is alleged.
Comments
The 1990 amendment to Okla. Const. Art. 2, § 24 provides in pertinent part:


Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to the part of the property not taken may be offset only against any injury to the property not taken.


In 1991, the Oklahoma Legislature added the following paragraphs in 66 O.S. 1991 § 53 (D), 69 O.S. 1991 §§ 1203 (h), 1708 (d):


"Just compensation", as used in [subsection C of] this section, shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to the part of the property not taken may be offset only against any injury to the property not taken. If only a part of a tract is taken, just compensation shall be ascertained by determining the difference between the fair market value of the whole tract immediately before the taking and the fair market value of that portion left remaining immediately after the taking.
The last sentence in these paragraphs that were added may be inconsistent with the preceding two sentences and with the portion of the 1990 amendment to Okla. Const. Art. 2, § 24 that is quoted above. Accordingly, the formula from the last sentence of these paragraphs is not included in the Instruction.
The Oklahoma Supreme Court decided that this Instruction was "a correct statement of the law" in Williams Natural Gas Co. v. Perkins, 1997 OK 72, ¶ 13, 952 P.2d 483, 488, under Okla. Const. art. 2, § 24, despite conflicting language in Okla. Stat. tit. 66, § 53(D) (2011). 


Instruction No. 25.4
Condemnation --- Just Compensation --- Easement
This is a case in which [Condemnor] is taking a kind of property called an "easement," which is a right to control and use the property of another for specific purposes. The easement being taken by [Condemnor] is an easement for [describe purpose of easement], and it will continue [(until ______)/(until [Condemnor] has no further use for it)/forever]. During the existence of the easement [Owner] will have no use, control or possession of the property within the easement that is inconsistent with [describe the easement].
In a taking of an easement case, the term "just compensation" means the payment to [Owner] for the taking of the easement by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is the fair market value of the easement plus any injury to the property left remaining after the taking. The property includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads.
In determining the injury to the remaining property, you may subtract any increase in its value that will result from any features of the easement that will benefit the remaining property. However, the increase in value to the remaining property can never exceed the damage to it. In other words, you may offset an increase in the value of the remaining property against any injury to the remaining property, but you may not offset an increase in the value of the remaining property against the value of the easement.
Notes on Use
This Instruction should be used in cases involving the acquisition of an easement. It should be given along with Instruction No. 25.5, entitled "Fair Market Value-Definition and other appropriate Instructions.
Instruction No. 25.5
Condemnation --- Fair Market Value --- Definition
The fair market value of a property is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not have to sell, to buy the property. [The fair market value of a property should be determined according to the highest and best use for which it is suitable, regardless of what it may have been used for in the past or what future use [Owner] may have intended for it].
Notes on Use
The amount of just compensation is defined in terms of fair market value. Accordingly, this Instruction should be given along with the appropriate Instruction concerning just compensation. The last sentence should be given only if there is a possibility that the jury may base its valuation on other than the property's highest and best use.
Comments
In City of Tulsa v. Creekmore, 1934 OK 57, ¶¶ 11-12, 29 P.2d 101, 103-04, 167 Okla. 298, the Oklahoma Supreme Court adopted the following standards for fair market value from Nichols on Eminent Domain (2nd Ed.), vol. 1, §§ 217 and 219:


By fair market value is meant the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it, taking into consideration all uses to which the land was adapted and might in reason be applied.
* * * * 
In determining the market value of a piece of real estate for the purposes of a taking by eminent domain, it is not merely the value of the property for the use to which it has been applied by the owner that should be taken into consideration, but the possibility of its use for all purposes, present and prospective, for which it is adapted and to which it might in reason be applied, must be considered, and its value for the use to which men of prudence and wisdom and having adequate means would devote the property if owned by them must be taken as the ultimate test.


In Oklahoma Turnpike Auth. v. Daniel, 1965 OK 7, ¶ 6, 398 P.2d 515, 517 (Okla. 1965), the Oklahoma Supreme Court stated:


In this jurisdiction the rule is well settled that, where a part only of a tract of land is so condemned and damages are sought for the value of that taken, and damages to that not taken, the measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking. 


This method of determining value of property in a condemnation proceeding has been referred to as the "before and after" method. This method has been widely used by appraisers as a basis for their opinions of value of property in condemnation proceedings.
Instruction No. 25.6
Condemnation --- Evidence of Comparable Sales
To determine the fair market value of a property, you may consider evidence of comparable sales of other property. Generally, the more similar one property is to another, the closer their values are. In weighing evidence of a comparable sale, you should consider how similar the other property is to the property that was taken. The following are some of the many factors to consider:


1. How far away the other property is;
2. How similar the neighborhoods are in which the properties are located;
3. Any zoning or other restrictions on the uses to which the properties may be put;
4. The size, condition, and shape of the properties;
5. How close the date of the other sale was to the date of the taking;
6. The terms of the other sale; and
7. Whether the other sale was a voluntary, arms length transaction.
No two properties are identical, and you will need to make appropriate adjustments to account for differences between the properties.


Notes on Use
This Instruction should be given when, as is normally the case, there is evidence offered concerning comparable sales.
Comments
The use of comparable sales to establish fair market value was approved in Coogan v. Arkla Exploration Co., 1979 OK 6, ¶ 12, 589 P.2d 1061, 1063 (Okla. 1979) ("[T]he majority rule, adhered to in this State is that the value of land or interest in realty at a particular time may as a general rule be proved by evidence of voluntary sales of similar property in the vicinity made at or about the same time."); State ex rel. Department of Highways v. Aker, 1973 OK 21, ¶ 6, 507 P.2d 1227, 1228 (Okla. 1973) ("Oklahoma has followed what seems to be the general rule that evidence of comparable sales is admissible either as direct proof of value or in support of the opinion of an expert, [citation omitted].").
Instruction No. 25.7
Condemnation --- Verdict --- Single Sum Only
You are instructed that your award in this case shall be for a single sum of money. Do not award separate sums of money for each portion of property taken or each item of damage that [Owner] suffered on account of the taking. [Also, do not award separate sums of money for each of the owners of the property being taken.].
Notes on Use


Include the last sentence only if the property being taken has multiple owners.


Instruction No. 25.11
Surface Damages --- Introduction
Owners of property are entitled to compensation for damages they sustain because of drilling or maintenance of oil or gas production on their property. As jurors, it will be your duty to determine the amount of the damages.
Notes on Use
This Instruction provides a Statement of the Case for actions under the Oklahoma Surface Damages Act, 52 O.S. 2011 & Supp. 2015, §§ 318.2-318.9.
Comments
The Oklahoma Surface Damages Act, 52 O.S. 2011 & Supp. 2015, §§ 318.2-318.9, balances the conflicting interests of the holders of a mineral interest and a surface owner of property by authorizing compensation to the surface owner whose property is taken for oil and gas exploration. "The Act modified the common law rule that an oil and gas lessee was not liable to the surface owner for damages unless such damages were caused by wanton or negligent operations or if the operations affected more than a reasonable area of the surface." Ward Petroleum Corp. v. Stewart, 2003 OK 11, ¶ 5, 64 P.3d 1113, 1114. "Damages collected pursuant to [the Oklahoma Surface Damages Act] shall not preclude the surface owner from collecting any additional damages caused by the operator at a subsequent date." 52 O.S. 2011, § 318.9.
Instruction No. 25.12
Surface Damages --- Measure of Damages
The measure of damages is the change in the fair market value of the property owned by [Surface Owner] because of the drilling and maintenance operations of [Operator]. The factors you may consider in determining the change in the fair market value of the property caused by the oil and gas operations of [Operator],include, but are not limited to, the following, as shown by the greater weight of the evidence:


1. The location or site of the oil and gas operations.
2. The quality and value of the property used or disturbed by the oil and gas operations.
3. Incidental features resulting from the oil and gas operations which may affect the convenient use and further enjoyment by [Surface Owner].
4. Inconvenience suffered by [Surface Owner] because of the use of the property by [Operator].
5. Whether the damages, if any, are temporary or permanent.
6. Changes in the physical condition or shape of the property.
7. Changes in or denial of access to the property.
8. The destruction of native grasses or growing crops caused by the drilling operations.
9. The cost of restoring the property to its original condition.


You should not consider these factors as individual items of damages, but instead, you should consider them only as they may help you determine the change in the fair market value of the property because of the oil and gas operations in this case. Do not state separate amounts for each portion of the property affected or for each factor you consider in determining the change in the fair market value. Your award shall be for a single sum of money. 
Notes on Use
This Instruction sets out possible factors the jury may consider in determining damages under the Surface Damages Act. Any factors that are not supported by the evidence should be omitted, and additional factors allowed by law and supported by the evidence should be included.
Instruction No. 25.5 defines fair market value and should be included with these Instructions.
Comments
The compensation authorized is "the surface damages which the owner has sustained or will sustain by reason of entry upon the subject land and by reason of drilling or maintenance of oil or gas production on the subject tract of land." 52 O.S. 2011, § 318.5(C). The Oklahoma Supreme Court has held that the Surface Damages "Act partakes of the nature of a condemnation action by virtue of 52 O.S. 2011, § 318.5(F)" and that "the damage standard intended by the Legislature under the Act is the diminution in the fair market value of the surface property resulting from the drilling and maintenance operations." Ward Petroleum Corp. v. Stewart, 2003 OK 11, ¶ 6, 64 P.3d 1113, 1114.
In Davis Oil Co. v. Cloud, 1986 OK 73, ¶ 22, 766 P.2d 1347, 1352, the Oklahoma Supreme Court approved an instruction with the first eight factors for determining damages that are listed in this Instruction. See also Chesapeake Operating, Inc. v. Loomis, 2007 OK CIV APP 55, ¶ 17, 164 P.3d 254, 258 (approving use of Davis factors despite argument that they were irrelevant as a result of the decision in Williams Natural Gas Co. v. Perkins, 1997 OK 72, 952 P.2d 483, concerning partial takings).
In Houck v. Hold Oil Corp., 1993 OK 166, 867 P.2d 451, the Oklahoma Supreme Court discussed the measure of damages for injury to a surface owner under both the common law and under the Surface Damages Act. It explained that the common law permitted recovery of all damages, temporary or permanent, caused by wanton or negligent oil and gas operations, or operations that affected more than a reasonable area of the surface. The Supreme Court explained that the measure of damages for temporary injury was the cost of restoring the land to its former condition, with compensation for loss of use of it, so long as this was less than the diminution in value of the land with the injuries left standing or unrestored. Id. at ¶ 33, 867 P.2d at 460. The Supreme Court continued that the measure of damages for permanent injuries was the difference between the reasonable market value of the land immediately before and after the injuries. Id. at ¶ 34, 867 P.2d at 461. The Supreme Court also stated that the jury instructions must make it clear that no double recovery is allowed for the same injury. Id. at ¶ 36, 867 P.2d at 461.
Next the Supreme Court in Houck stated that the measure of damages intended by the Oklahoma Legislature under the Surface Damages Act was the diminution in value of the surface property resulting from the drilling operations. Id. at ¶ 39, 867 P.2d at 461-62. The Supreme Court did not address whether the surface owner was entitled to damages for temporary injury, such as loss of use and the cost of restoring the surface property to its former condition under the Surface Damages Act. However, the Supreme Court did include "inconvenience suffered in actual use of the land by OPERATOR" in the list of factors for the jury to consider in Davis Oil Co. v. Cloud, 1986 OK 73, ¶ 22, 766 P.2d 1347, 1352. Also, the list of factors in Davis Oil included a reference to temporary damages. The Committee decided to include the cost of restoring the surface property to its former condition as the ninth factor in this Instruction because the cost of restoration would be reflected in the determination of the diminution in value of the surface property resulting from the drilling operations, because the fair value of surface property would necessarily be reduced by costs of restoration. Moreover, the list of factors in Davis Oil was nonexclusive.
In Chesapeake Operating, Inc. v. Kast Trust Farms, 2015 OK CIV APP 5, 352 P.3d 1231, the Oklahoma Court of Civil Appeals approved a jury instruction on temporary and permanent injuries, but it rejected a jury instruction on damages for stigma associated with the drilling operations because it was not listed as a factor in Davis. Id., ¶¶ 26-35, 352 P.3d at 1237-39. The Committee has determined that a separate jury instruction on temporary and permanent injuries is neither necessary nor helpful to the jury.
The last paragraph of this Instruction is based on Instruction No. 25.7, supra.
In some circumstances, the drilling operations may increase the value of one portion of the surface owner's property while decreasing the value of another portion. For example, the drilling operations might include construction of a road that would provide access to the landowner's property. If this occurs, the benefits to part of the property should not be offset against the injury to another part of the property. Okla. Const. Art. 2, § 24. An appropriately modified version of Instruction No. 25.3 should be used in such a case.
CHAPTER THIRTY ONE
CONTEMPT OF COURT
List of Contents
Instruction No. 31.1 Contempt of Court - Introduction
Instruction No. 31.2 Contempt of Court - Definition of Willfully
Instruction No. 31.3 Contempt of Court - Burden of Proof
Instruction No. 31.4 Contempt of Court - Closing Instruction
Instruction No. 31.1
Contempt of Court --- Introduction
The Oklahoma Statutes provide that it is contempt of court for anyone to:
1. Willfully disobey or resist
2. Any lawful order or process of a court.
Committee Comments
The Oklahoma Legislature has divided contempts of court into direct and indirect contempts. Direct contempt is an act committed in the presence of the court. Okla. Stat. tit. 21 § 565 (2011). Direct contempt may be punished summarily. Id. The court may punish direct contempt based on its own factual findings, and the right to jury trial does not attach to direct contempt. Hogg v. State, 2008 OK CR 8, ¶ 6, 181 P.3d 724, 725. "The power of a judge to impose significant punishment for direct contempt immediately and without the full panoply of due process rests upon the absolute necessity of maintaining a structured order in our courts." Id. at ¶ 4, 181 P.3d at 724 (quoting Autry v. State, 2007 OK CR 41, ¶ 10, 172 P.3d 212, 214).
Regardless whether the contempt is classified as direct or indirect, it is the duty of the judge (not the jury) to fix the punishment. Punishment for contempt- direct or indirect-is limited to a fine not exceeding Five Hundred Dollars ($500.00) or imprisonment in the county jail not exceeding six (6) months, or both, at the discretion of the court, unless otherwise provided by law. Okla. Stat. tit. 21, § 566 (2011).
Indirect contempt "is the willful disobedience of any process or order lawfully issued or made by [the] court. . . ." Okla. Stat. tit. 21 § 565 (2011). There is a right to jury trial for indirect contempt. Okla. Const. Art. 2, § 25 ("[A]ny person accused of violating or disobeying, when not in the presence or hearing of the Court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed be entitled to a jury trial as to the guilt or innocence of the accused.); Okla. Stat. 21, § 567 ("In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have reasonable time for defense; and the party so charged shall, upon demand, have a jury trial.").
Instruction No. 31.2
Contempt of Court --- Definition of Willfully
"Willfully" means with knowledge, intentionally, without lawful excuse, and therefore not accidentally.
Committee Comments
See In re Wallace Revocable Trust, 2009 OK 16, ¶ 21, 204 P.3d 80, 85 ("The trial court correctly instructed the jury that the words 'willful' and 'willfully' meant 'with knowledge, intentionally, designedly, without lawful excuse, and therefore not accidentally.' ").
Instruction No. 31.3
Contempt of Court -- Burden of Proof
In a contempt lawsuit, such as this one, the law provides which party must prove certain things to you. This is called "Burden of Proof."
[In this case [Plaintiff] has the burden of proving [Defendant] willfully disobeyed or resisted a lawful order or process of the court by clear and convincing evidence. By clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the propositions upon which the party has the burden of proof are highly probable and free from serious doubt.]
OR
[In this case [Plaintiff] has the burden of proving [Defendant] willfully disobeyed or resisted a lawful order or process of the court beyond a reasonable doubt.]
Notes on Use
The first bracketed paragraph should be used when the purpose of the indirect contempt sanction is coercive or remedial in nature and the defendant is capable of terminating the imprisonment at any time by compliance with, or by a promise to comply with the court order. The last bracketed paragraph should be used when the purpose of the indirect contempt sanction is penal in nature and the defendant cannot shorten the incarceration by compliance or promised compliance with the court order.
Committee Comments
The Oklahoma Supreme Court has held that the purpose of indirect contempt sanctions may serve one of two purposes: (1) remedial, or (2) penal. Henry v. Schmidt, 2004 OK 34, ¶ 13, 91 P.3d 651, 654. If the purpose of the punishment for indirect contempt is to coerce the defendant's behavior, it is remedial and the defendant is capable of terminating the imprisonment at any time by compliance with, or by a promise to comply with the court order. However, if the purpose of the sanction is to punish the defendant and the incarceration is for a definite period of time and cannot be shortened by compliance with a court order, it is penal. Id.
When the purpose of the indirect contempt proceeding is to impose remedial or coercive sanctions the burden of proof is by clear and convincing evidence. If the purpose of the indirect contempt proceeding is to impose penal sanctions the burden of proof is beyond a reasonable doubt. Id. at ¶¶ 20, 21, 91 P.3d at 656. The trial court should not attempt to define "reasonable doubt." Young v. State, 1962 OK CR 70, ¶ 22, 373 P.2d 273, 278 ("We agree with our predecessors that the trial court should not undertake to define the terms "reasonable doubt, ...."); Moore v. State, 1950 OK CR, 214 P.2d 966, 968, 90 Okla. Crim. App. 415, 418 ("[S]uch an instruction has been condemned in this jurisdiction from territorial days to the present time.").
Instruction No. 31.4
Contempt of Court - Closing Instruction
After you have retired to consider your verdict, select one of your number as foreperson and enter upon your deliberations. Your verdict does not need to be unanimous, and it can be based on an agreed verdict of five of you.
If your verdict is unanimous, your foreperson alone will sign it. If your verdict is not unanimous, it must be signed by each juror who concurs in the verdict. After you have reached your verdict, you will as a body, return it in open court. Forms of verdict will be furnished. You will now listen to the argument of counsel which is a proper part of this trial.
Committee Comments
This Instruction is based on the instruction used in Watson v. State, 1997 OK CR 42, n.l, 943 P.2d 1087, 1088. The Oklahoma Court of Criminal Appeals held the jury was properly instructed that it could render a less than unanimous verdict for petty offenses punishable by imprisonment for six months or less. Id. ¶ 10, 943 P.2d at 1090.
CHAPTER THIRTY TWO
CIVIL FORFEITURE
List of Contents
Instruction No. 32.1 Civil Forfeiture - Introduction
Instruction No. 32.2 Civil Forfeiture - Property Subject to Forfeiture
Instruction No. 32.3 Civil Forfeiture - Presumption that Money is Subject to Forfeiture
Instruction No. 32.4 Civil Forfeiture - Innocent Owner Defense
 
Instruction No. 32.1
Civil Forfeiture --- Introduction
This is a civil forfeiture action brought on behalf of the State of Oklahoma against [Specify Property]. This is not a criminal case brought against a criminal defendant. Rather, it is a civil action brought against certain property that the State of Oklahoma alleges was used unlawfully. In a civil forfeiture proceeding, property is taken from private ownership because the property was either connected with or related to criminal activity, or was intended to be connected with criminal activity. The basis of the forfeiture is misuse of the property rather than any crime that may have been committed by the owner or user. Forfeiture is intended to discourage the unlawful use of property and removes from circulation property that was used or was intended to be used to violate the law. Whether or not anyone was charged with a crime or acquitted of a crime is not relevant to whether forfeiture is appropriate in this case. Your duty is to decide whether [Specify Property] is subject to forfeiture.
Notes on Use
This Instruction provides a Statement of the Case for civil forfeiture actions under 63 O.S. Supp. 2015, § 2-506. 
Comments
Civil forfeiture proceedings are authorized by 63 O.S. Supp. 2015, § 2-506. The property that is subject to forfeiture is specified in 63 O.S. Supp. 2015, § 2-503. Other statutory provisions for civil forfeiture include 21 O.S. 2011, § 1738 and 21 O.S. Supp. 2015, § 2002. The Oklahoma Court of Civil Appeals held in State ex rel. Dugger v. $12,000, 2007 OK CIV APP 20, ¶ 31, 155 P.3d 858, 866, that there is a right to jury trial under Okla. Const. Art. 2, § 19 in forfeiture proceedings of property that has a value of more than $1,500 and is not contraband per se.
This Instruction is based on NJ-JIV 10.10 of the New Jersey Model Civil Charges. 
Instruction No. 32.2
Civil Forfeiture - Property Subject to Forfeiture
In order for the [Specify Property] to be subject to civil forfeiture, the State must show by the greater weight of the evidence that:
The [Specify Property] is a vehicle and a person in the vehicle unlawfully possessed [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] with the intent to distribute the [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.]
OR
The [Specify Property] is money/[Specify Other Thing of Value] that was used/(intended to be used) to purchase [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] in violation of the Uniform Controlled Dangerous Substances Act.
OR
The [Specify Property] is real property that was used, or intended to be used to commit or to facilitate the crime of [Specify Violation of the Uniform Controlled Dangerous Substances Act which is punishable by imprisonment for more than one year].
OR
[Specify Property] is a weapon that was possessed, used, or available for use to facilitate the crime of [Specify Violation of the Uniform Controlled Dangerous Substances].
OR
[Specify Other Ground for Civil Forfeiture in 63 O.S. Supp. 2015, § 2-503].
Comments
The Oklahoma Court of Civil Appeals held in State v. 1983 Toyota Corolla, OK CIV APP 51, ¶¶ 24-26, 879 P.2d 830, 836, that civil forfeiture was not authorized for simple misdemeanor possession of controlled substances, as opposed to possession with the intent to distribute. In addition, a homestead is not subject to civil forfeiture. State ex rel. Means v. Ten (10) Acres of Land, 1994 OK 71, ¶ 18, 877 P.2d 597, 601.
Instruction No. 32.3
Civil Forfeiture - Presumption that Money is Subject to Forfeiture
Presumptions are rules based upon experience or public policy and are established in the law to assist a jury in discovering the truth. Presumptions take the place of evidence unless and until outweighed by evidence to the contrary.
In this case, the law presumes that money found in close proximity to [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] was used/(intended to be used) to purchase the [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] in violation of the Uniform Controlled Dangerous Substances Act. 
If you find that the [Specify Property] was found in close proximity to [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.], then the burden of proof is upon [Name of Defendant] to prove by the greater weight of the evidence that the [Specify Property] was not used/(intended to be used) to purchase the [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] in violation of the Uniform Controlled Dangerous Substances Act. 
Notes on Use
This Instruction is based on OUJI No. 3.4 and sets out the presumption in 63 O.S. Supp. 2015, § 2-503(A)(7).
Instruction No. 32.4
Civil Forfeiture - Innocent Owner Defense
A vehicle is not subject to civil forfeiture if its owner neither knew of nor consented to the unlawful possession of [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] in the vehicle. To establish this defense, [Name of Owner] must show by the greater weight of the evidence that he/she had no knowledge of and did not consent to the unlawful possession of the [Specify Controlled Dangerous Substance in Schedules I through V of 63 O.S. Supp. 2015, § 2-101 et seq.] in the [Specify Property].
OR
Real property is not subject to civil forfeiture if its owner neither knew of nor consented to the [Specify Violation of the Uniform Controlled Dangerous Substances Act]. To establish this defense, [Name of Owner] must show by the greater weight of the evidence that [he/she] had no knowledge of and did not consent to the [Specify Violation of the Uniform Controlled Dangerous Substances Act].
Comments
The Oklahoma Supreme Court discussed the innocent owner defense in State ex rel. Harris v. 2011 Honda, 2015 OK 11, 345 P.3d 389. The Supreme Court concluded that the "the legislature did not intend for innocent owners to be deprived of their ownership rights by the actions of a guilty party in a vehicle forfeiture proceeding." 2015 OK at ¶ 9, 345 P.3d at 391. See also State ex rel. Wood v. Gold/Blue 1988 Chevrolet Blazer, 1996 OK CIV APP 86, ¶ 5, 924 P.2d 792, 794 (declaring portion of 63 O.S. Supp. 2015, § 2-503(A)(4)(b) unconstitutional because it required a showing of unlawful possession of the vehicle in addition to the showing of lack of knowledge and consent for the innocent owner defense). 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Jury Instructions- Civil
 Cite
Name
Level

 USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED
Cited
  JURY'S DUTIES- CAUTIONARY INSTRUCTIONS- TO BE GIVEN AFTER JURY IS SWORN
Cited
 INFERENCE FROM FAILURE TO PRODUCE EVIDENCE OR WITNESS
Cited
 CONTEMPT OF COURT - INTRODUCTION
Cited
 CONTEMPT OF COURT - DEFINITION OF WILLFULLY
Cited
 CONTEMPT OF COURT - BURDEN OF PROOF
Cited
 CIVIL FORFEITURE - INTRODUCTION
Cited
 CIVIL FORFEITURE - PROPERTY SUBJECT TO FORFEITURE
Cited
 CIVIL FORFEITURE - PRESUMPTION THAT MONEY IS SUBJECT TO FORFEITURE
Cited
 CIVIL FORFEITURE - INNOCENT OWNER DEFENSE
Cited
 DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE- DEFINED- USE
Cited
 PERSONAL INJURIES- ADULTS
Cited
 PERSONAL INJURIES- MINOR CHILD
Cited
 PERSONAL INJURIES- MINOR CHILD- MEASURE OF PARENT'S OR GUARDIAN'S DAMAGES
Cited
 DUTY OF PASSENGER
Cited
 DUTY TO INVITEE TO MAINTAIN PREMISES- GENERALLY
Cited
 CONDEMNATION - INTRODUCTION
Cited
 CONDEMNATION - JUST COMPENSATION- FULL TAKING
Cited
 CONDEMNATION - JUST COMPENSATION- PARTIAL TAKING
Cited
 CONDEMNATION - JUST COMPENSATION- EASEMENT
Cited
 CONDEMNATION - FAIR MARKET VALUE- DEFINITION
Cited
 CONDEMNATION - EVIDENCE OF COMPARABLE SALES
Cited
 CONDEMNATION - VERDICT- SINGLE SUM ONLY
Cited
 SURFACE DAMAGES - INTRODUCTION
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.